447 So.2d 444 (1984)
Perry McSHAY, Appellant,
v.
STATE of Florida, Appellee.
No. 83-1926.
District Court of Appeal of Florida, Second District.
March 23, 1984.
Douglas P. Chanco, Office of Patient Legal Services, Chattahoochee, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Gary O. Welch, Asst. Atty. Gen., Tampa, for appellee.
PER CURIAM.
Appellant seeks review of the trial court's denial of his motion for a hearing regarding his involuntary placement and the denial of his motion for a public defender.
In 1978, appellant was acquitted of aggravated battery by reason of insanity and, as a result, was involuntarily hospitalized in 1979.
On April 25, 1983, a report by the administrator of the mental facility wherein appellant was confined was filed with the court indicating that appellant continued to meet the criteria for continued confinement. On August 8, 1983, appellant filed a motion requesting a hearing under rule 3.218, Florida Rules of Criminal Procedure, and the appointment of a public defender. On August 17, 1983, the trial court denied appellant's motion for a hearing and a public defender.
On appeal, appellant claims that he was entitled to an attorney and a hearing after the report on his mental status was filed with the court, pursuant to rule 3.218, Florida Rules of Criminal Procedure. We agree.
Florida Rule of Criminal Procedure 3.218 provides that administrators of mental facilities shall provide the court with a report addressing the issues of involuntary hospitalization of defendants on a regular basis. The rule states that "the court shall hold a hearing within thirty days of the receipt of any such report from the administrator of the facility on the issues raised thereby... ." Based on the language in this section, we find that appellant was entitled to a hearing after the court received the report from the administrator of the mental health facility where he was placed. We also agree with appellant that he was entitled to be represented by counsel. Chapter 916, Florida Statutes (1981), provides that defendants have a right to the type of hearing described in rule 3.218, and that "[i]n the event the defendant cannot afford counsel, the court shall appoint a public defender to represent him."
For the reasons stated above, we find that appellant was deprived of his rights as provided in Florida Rule of Criminal Procedure 3.218 and section 916.15, Florida Statutes (1981). Therefore, we reverse the decision *445 of the trial court and remand for a hearing and appointment of a public defender.
HOBSON, A.C.J., and GRIMES and CAMPBELL, JJ., concur.