JORGENSON, Judge.
Eugene Johnson was charged with several counts of murder and was adjudged not guilty by reason of insanity on April 22, 1981. He was subsequently committed to the Department of Health and Rehabilitative Services for involuntary hospitalization pursuant to section 916.15, Florida Statutes (1981), and Florida Rule of Criminal Procedure 3.217(b). The trial court received periodic reports regarding Mr. Johnson’s status from the hospital, each of which concluded that Johnson met the criteria for continued involuntary hospitalization. The latest of those reports was rendered on April 19, 1984.
Relying on Florida Rule of Criminal Procedure 3.218, Johnson argues that he is entitled to appointment of counsel, psychiatric experts, and the scheduling of an annual hearing before the committing court. Johnson makes this argument notwithstanding the fact that there is utterly no evidence indicating any change in his condition.[1]
Johnson incorrectly seeks relief under Florida Rule of Criminal Procedure 3.218. Contrary to his assertion that the rule requires an annual hearing by the committing court in order to satisfy due *432 process criteria, we perceive the function and purpose of this rule in an entirely different light. We agree with the trial court that the hearing required by the rule is not triggered unless and until the hospital administrator reports to the committing court that an insanity acquittee no longer meets the criteria for involuntary hospitalization. The rule vindicates the committing court’s ability to control the circumstances surrounding the release from custody of an insanity acquittee. See In re Connors, 332 So.2d 336 (Fla.), cert, denied, 429 U.S. 999, 97 S.Ct. 525, 50 L.Ed.2d 609 (1976); see also Hill v. State, 358 So.2d 190, 197 (Fla. 1st DCA 1978). The rule also serves to protect the public from an inadvertent administrative release of an insanity acquit-tee.[2]
We certify that our decision is in express and direct conflict with McShay v. State, 447 So.2d 444 (Fla. 2d DCA 1984).
Petition for writ of mandamus denied.

. There is only Johnson’s bare statement that he “has been doing well.”

. Johnson has other remedies available if he wishes to test the lawfulness of his hospitalization.