617 So.2d 368 (1993)
STATE of Florida, DEPARTMENT OF HEALTH AND REHABILITATIVE SERVICES, Appellant,
v.
Honorable E. Randolph BENTLEY, Circuit Judge, Tenth Judicial Circuit, Polk County, Florida, Appellee.
No. 92-00159.
District Court of Appeal of Florida, Second District.
April 14, 1993.
*369 Michael S. Moreland, Counsel for G. Pierce Wood Memorial Hosp., Arcadia, for appellant.
Robert A. Butterworth, Atty. Gen., and Kathleen E. Moore, Asst. Atty. Gen., Tallahassee, for appellee.
DANAHY, Acting Chief Judge.
In this appeal we clarify the procedural uncertainties faced by a circuit court in its regularly scheduled periodic review of the status of a criminal defendant who has been committed to the Department of Health and Rehabilitative Services (HRS) because of his incompetency to stand trial.
In an auxiliary proceeding of the pending criminal prosecution, the circuit court adjudicated the defendant in this case, Allen J. West, incompetent to proceed to trial. Pursuant to section 916.13(2)(a), Florida Statutes (1987),[1] and Florida Rule of Criminal Procedure 3.212[2] he was committed to the G. Pierce Wood Memorial Hospital, an HRS facility, for treatment. Before the expiration of West's latest period of commitment, the administrator of the hospital filed with the circuit court the report required by rule 3.212(c)(6) on West's current competency status. The administrator reported that he found the defendant remained incompetent to proceed to trial and still met the criteria for continued commitment and treatment. Copies of this report were sent to West's attorney, the State Attorney, and to others not relevant here. No party objected to the administrator's determination that *370 West remained incompetent to proceed to trial and, importantly, no party requested a hearing on the report.
Subsequently, the circuit court issued the order we review, titled "ORDER TO FOLLOW STATUTORY PROCEDURE." In this order the court outlined the procedure to be followed in the instant case where the defendant (1) continued to be incompetent to stand trial; (2) still met the criteria for continued involuntary placement; and (3) neither the defendant, his counsel, nor the prosecutor disputed the findings of the defendant's continued incompetency or asked for a hearing on the report. Using the authority of the Baker Act, section 394.467, Florida Statutes (1991) (Involuntary Placement), the court ordered that where the report indicates no change in the defendant's competency status, a hearing officer shall conduct a hearing for continued involuntary placement since the circuit court has already made the initial placement determination. The order further states that the hearing officer is bound to order continued commitment if the hospital makes a prima facie showing that the defendant meets the criteria of the criminal rule and there is no contrary evidence. The order concluded that a circuit court hearing is only required if it was alleged by either the administrator, the defendant, or the defense attorney, that the defendant has regained his competency to proceed to trial.
In the appeal from this order, HRS contends that a strict construction of rule 3.212(c) mandates an automatic circuit court hearing on every report filed by the administrator regardless of what competency status the administrator reports to the court. We disagree. Rule 3.212(c)(5)(ii) states: "If ... the court has reasonable grounds to believe that the defendant may have regained competence to proceed or no longer meets the criteria for commitment, the court may order the administrator of the facility to report on such issues, with copies to all parties, and shall order a hearing to be held on those issues." This is immediately followed by subsection (c)(6) which begins: "The court shall hold a hearing within 30 days of the receipt of any such report from the administrator of the facility on the issues raised thereby." (Emphasis added.) Like the circuit court, we construe subsections (5) and (6) to require a circuit court hearing only when the issue of regained competency is raised pursuant to 3.212(c)(5)(i) and the administrator reports on that raised issue pursuant to 3.212(c)(5)(ii).
There is no question of the procedure to be followed when the report contains allegations that the defendant has regained competency. The problem arises when, as in the instant case, the court is faced with the opposite: an allegation of continued incompetency to proceed which was contained in a regularly scheduled report pursuant to subsection (c)(6). HRS misinterprets the operation of the rule under these circumstances and, in so doing, focuses on the following language of subsection (c)(6): "When the defendant is retained by the facility, the same procedure shall be repeated prior to the expiration of each additional one-year period of extended commitment." (Emphasis ours.) In the instant case, no party disputes that West's incompetency continues and no party requested a hearing on the administrator's report.
We believe the better procedure to guide the circuit court in the instant circumstances is found in Johnson v. Feder, 485 So.2d 409 (Fla. 1986) (adopting the holding of McShay v. State, 447 So.2d 444 (Fla. 2d DCA 1984)). In Johnson v. Feder, our supreme court resolved an analogous problem under section 916.15 (involuntary commitment of defendant adjudicated not guilty by reason of insanity) and related rule 3.218. The court determined that both the patient and the state have the right to a hearing before the committing court in all proceedings under section 916.15. Id. at 411. The court concluded that both section 916.15 and rule 3.218 require a judicial hearing only if requested. Id. We see no good reason, and HRS has provided us none, to treat a defendant committed under 916.12 (as in the instant case) differently from a defendant committed under 916.15 (as in Johnson v. Feder) for purposes of *371 requiring a hearing before the committing court on the competency issue. In the former case, the adjudication of incompetency was made before trial and in the latter case after trial. This is a distinction without a difference.
Notwithstanding the above, we cannot approve of the circuit court's remedy of requiring an uncontested hearing before a hearing officer under the auspices of chapter 394. This is so because the legislature clearly intended that only the circuit court may determine issues of a criminal defendant's involuntary commitment due to incompetency to stand trial:
916.16 Jurisdiction of committing court.  The committing court shall retain jurisdiction in the case of any patient hospitalized or, if retarded, admitted to retardation residential services pursuant to this chapter. No such person may be released except by order of the committing court. The administrative hearing examiner shall have no jurisdiction to determine issues of continuing hospitalization or release of any person admitted pursuant to this chapter.
This legislative intent of circuit court supervision is understandable since a defendant's incompetence to proceed to trial involves issues different from the concerns addressed in chapter 394. See § 916.12.[3] Although it is not controlling since it was never adopted by the supreme court,[4] we additionally point out that the Committee Note to the relevant criminal rules states that the circuit court, and not an administrative hearing officer, must remain involved in the periodic review of a criminal defendant's status:
Introductory Note Relating to 1988 Amendments to Rules 3.210 to 3.219. In 1985, the Florida Legislature enacted amendments to Part I of Chapter 394, the "Florida Mental Health Act," and substantial amendments to Chapter 916 entitled "Mentally Deficient and Mentally Ill Defendants." The effect of the amendments is to avoid tying mentally ill or deficient defendants in the criminal justice system to civil commitment procedures in the "Baker Act."
In summary, since no one contested the administrator's findings or requested a hearing in this case, the circuit court was correct in not holding a hearing. However, the circuit court erred when it engrafted the procedures of the Baker Act onto the procedures of chapter 916 and Florida Rules of Criminal Procedure 3.210-3.219. Accordingly, we reverse the circuit court's order and remand for entry of an order of continuing commitment in the absence of a request to hold a hearing based on the administrator's report.
CAMPBELL and SCHOONOVER, JJ., concur.
NOTES
[1] This statute provides:

(2) ADMISSION TO A FORENSIC FACILITY. 
(a) Every person who has been adjudicated incompetent to stand trial or incompetent for sentencing, and who meets the criteria for commitment to the department [HRS] under the provisions of this chapter, shall be committed to the department, and the department may retain and treat the defendant. No later than 6 months after the date of commitment or at the end of any period of extended commitment, or at any time the administrator shall have determined that the defendant has regained competency to stand trial or no longer meets the criteria for continued commitment, the administrator shall file a report with the court pursuant to the applicable Florida Rules of Criminal Procedure.
[2] The relevant subsections, 3.212(c)(5) and (6), provide:

(5) The treatment facility shall admit the defendant for hospitalization and treatment and may retain and treat the defendant. No later than six months from the date of admission the administrator of the facility shall file with the court a report which shall address the issues and consider the factors set forth in Rule 3.211 above, with copies to all parties. If at any time during the six-month period or during any period of extended commitment which may be ordered pursuant to this Rule, the administrator of the facility shall determine that the defendant no longer meets the criteria for commitment or has become competent to proceed, the administrator shall notify the court by such a report, with copies to all parties.
(i) If during the six-month period of commitment and treatment or during any period of extended commitment which may be ordered pursuant to this Rule, counsel for the defendant shall have reasonable grounds to believe that the defendant is competent to proceed or no longer meets the criteria for commitment, he may move the court for hearing on the issues of the defendant's competence or commitment. Such motion shall contain a certificate of counsel that the motion is made in good faith and on reasonable grounds to believe that the defendant is now competent to proceed or no longer meets the criteria for commitment.
To the extent that it does not invade the attorney-client privilege, the motion shall contain a recital of the specific observations of and conversations with the defendant which have formed the basis for such motion.
(ii) If, upon consideration of a motion filed by counsel for the defendant and any information offered the court in support thereof, the court has reasonable grounds to believe that the defendant may have regained competence to proceed or no longer meets the criteria for commitment, the court may order the administrator of the facility to report to the court on such issues, with copies to all parties, and shall order a hearing to be held on those issues.
(6) The court shall hold a hearing within 30 days of the receipt of any such report from the administrator of the facility on the issues raised thereby. If, following such hearing, the court determines that the defendant continues to be incompetent to proceed and that he meets the criteria for continued commitment or treatment, the court shall order continued commitment or treatment for a period not to exceed one year. When the defendant is retained by the facility, the same procedure shall be repeated prior to the expiration of each additional one-year period of extended commitment.
[3] Section 916.12(1) provides:

(1) A person is incompetent to stand trial within the meaning of this chapter if he does not have sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding or if he has no rational, as well as factual, understanding of the proceedings against him.
Contrast section 394.455(3) which provides:
(3) "Mentally ill" means an impairment of the emotional processes, of the ability to exercise conscious control of one's actions, or of the ability to perceive reality or to understand, which impairment substantially interferes with a person's ability to meet the ordinary demands of living, regardless of etiology; except that, for the purposes of this act, the term does not include retardation or developmental disability as defined in chapter 393, simple intoxication, or conditions manifested only by antisocial behavior or drug addiction.
[4] The Florida Bar. In re Rules of Criminal Procedure, 389 So.2d 610 (Fla. 1980).