PER CURIAM.
The petition for mandamus, which seeks to require the trial judge to conduct an eviden-tiary hearing concerning the petitioner’s present competence to stand trial, is denied on the authority of State, Department of Health & Rehabilitative Services v. Bentley, 617 So.2d 368, 370 (Fla. 2d DCA 1993):
In the appeal from this order, HRS contends that a strict construction of rule 3.212(c) mandates an automatic circuit court hearing on every report filed by the administrator regardless of what competency status the administrator reports to the court. We disagree. Rule 3.212(c)(5)(ii) states: “If ... the court has reasonable grounds to believe that the defendant may have regained competence to proceed or no longer meets the criteria for commitment, the court may order the administrator of the facility to report on such issues, with copies to all parties, and shall order a hearing to be held on those issues.” This is immediately followed by subsection (c)(6) which begins: “The court shall hold a hearing within 30 days of the receipt of any such report from the administrator of the facility on the issues raised thereby.” (Emphasis added.) Like the circuit court, we construe subsections (5) and (6) to require [e.o.] a circuit court hearing only when the issue of regained competency is raised pursuant to 3.212(c)(5)(i) and the administrator reports on that raised issue pursuant to 3.212(c)(5)(ii).
Mandamus denied.