RYDER, Acting Chief Judge.
The State of Florida, Department of Legal Affairs (state) seeks review of the trial court’s nonfinal order denying its motion to escrow the income from property in this forfeiture action. We reverse.
On April 13, 1990, the state filed RICO lien notices against appellees’ properties pursuant to section 895.05(12), Florida Statutes (1989). On October 3, 1990, the state filed its civil RICO complaint seeking forfeiture of appellees’ property under chapter 895, Florida Statutes (1989). The complaint alleges that appellees acquired the subject property from the proceeds of an illegal drug trafficking enterprise and also used the property to further the activities of the illegal enterprise. Upon the filing of the civil RICO complaint, the state filed RICO lien notices pursuant to section 895.-07, Florida Statutes (1989).
On May 7, 1991, the state filed a motion to escrow the income of the property whereby it requested that the rental income from appellees’ properties be es-crowed to protect it from dissipation pending final determination of its civil forfeiture action. At the conclusion of the hearing, the circuit court made findings that there existed sufficient evidence to place the income in a secure place. Upon the request of appellees’ counsel, the court agreed to withhold making a determination pending receipt of memoranda of law on the issue of whether section 895.07(9) prohibited the court from entering the requested order. On May 30, 1991, the court denied the state’s motion finding that the wording of section 895.07(9) clearly prohibited such an order. It is from this order that the state appealed.
The jurisdictional issue raised by appel-lees has no merit. This court has jurisdiction under Florida Rule of Appellate Procedure 9.130(a)(3)(C)(ii) concerning immediate possession of property.
Section 895.07 is entitled “RICO lien notice.” Section 895.07(9) provides in pertinent part that “[t]he filing of a RICO lien notice shall not affect the use to which real property ... may be put or the right of the person [named in the RICO notice] to receive any avails, rents, or other proceeds resulting from the use and ownership ... of the property until a judgment of forfeiture is entered.” Appellees contend that this statute prohibits the state from putting into escrow the rents from the subject property until judgment of forfeiture is entered.
The state argues that section 895.07(9) is effective when only a RICO lien notice has been filed and that section 895.05, entitled “Civil remedies,” controls after a RICO complaint has been filed seeking forfeiture. Section 895.05(5) provides in pertinent part that “[i]n any action brought under this section, the circuit court shall proceed as soon as practicable to the hearing and determination. Pending final determination, the circuit court may at any time enter such injunctions, prohibitions, or restraining orders, or take such actions ... as the court may deem proper.”
The trial court believed that the language in section 895.07(9) prevented it from granting the state’s motion to escrow the income from the subject property pending the forfeiture action. Section 895.07(9), however, states that the “filing of a RICO lien notice shall not affect the ... right of the person to receive any avails, rents, or other proceeds” (emphasis supplied). The state has done more in this case than merely file a RICO lien notice; it has filed a civil RICO complaint seeking forfeiture of certain property, and it has motioned the trial court specifically to escrow the rents from the property for safekeeping. Under section 895.05(5), the court has the authority to, at any time, enter injunctions, prohibitions or restraining orders or take such actions as the court may deem proper. The trial court was under the mistaken belief that it had no authority to grant the state’s motion when, in fact, it did have such authority under section 895.05(5). Accordingly, the case is reversed and remanded to the trial court for the entry of an order
*1075 granting the state’s motion to escrow funds sought by the state and for further proceedings consistent with this opinion.
Reversed and remanded.
LEHAN and PARKER, JJ., concur.