898 So.2d 141 (2005)
HILLSBOROUGH COUNTY, Appellant,
v.
Lou Ann LANIER, CPA, as assignee of A & E Electric Company, Inc., Appellee.
No. 2D04-1175.
District Court of Appeal of Florida, Second District.
March 9, 2005.
*142 Gregg A. Johnson, Senior Assistant County Attorney, Hillsborough County Attorney's Office, Tampa, for Appellant.
Brett Wadsworth, of Brett Wadsworth, P.A., Tampa, for Appellee.
SILBERMAN, Judge.
Hillsborough County appeals a nonfinal order denying its motion to compel disbursement of funds from Lou Ann Lanier as assignee of the assets of A & E Electric Company, Inc.[1] The County argues the trial court should have ordered disbursement to satisfy a Final Judgment of Restitution entered in favor of the County and against A & E. We affirm.

BACKGROUND
A & E worked as a pole lighting contractor for the County. In November 1999, the County became suspicious about A & E's billing practices and referred the matter to the State Attorney for investigation. Eventually, the State charged A & E with grand theft for fraudulently billing the County for services it never provided.
In January 2001, while the criminal action was pending, A & E assigned its assets to Lanier pursuant to chapter 727, Florida Statutes (2000), which provides for the administration of insolvent estates.[2] Lanier then filed a petition in the circuit court as required by section 727.104(2)(b). The County filed a proof of claim, asserting that A & E owed it $112,515.18 for overpayments made by the County. The County later filed an amended proof of claim for $109,496.25 and treble damages.
In December 2001, in connection with the chapter 727 proceeding, the circuit court issued an order accepting the County's original proof of claim as timely and rejecting the County's amended proof of claim as untimely. The order also stated that "to the extent allowed by law, any other objections to Hillsborough County's original proof of claim are preserved."
In June 2002 A & E was adjudicated guilty in the criminal case, and in July 2002 the criminal court entered the restitution judgment in favor of the County in the amount of $60,486.61 for investigative costs, attorney's fees, and other expenses incurred in prosecuting the criminal proceeding. Approximately one year later, the County filed a motion in the chapter 727 proceeding to compel disbursement of funds or, alternatively, to amend its proof of claim to add the restitution award. The County sought disbursement of $44,822.16. This amount was computed as follows: (1) the County acknowledged that it had withheld $125,160.70 in payment of outstanding A & E invoices; (2) against this amount, the County set off $109,496.25, the amount *143 of its amended proof of claim,[3] leaving a balance of $15,664.45 owed to A & E; (3) the County subtracted this amount from the restitution judgment, resulting in the amount claimed of $44,822.16. The trial court denied the County's motion for disbursement.

PERTINENT PROVISIONS OF CHAPTER 727
Our review of the trial court's interpretation of chapter 727 is de novo. See Pichowski v. Fla. Gas Transmission Co., 857 So.2d 219, 220 (Fla. 2d DCA 2003). Also, courts must construe statutes according to their plain meaning. See PNR, Inc. v. Beacon Prop. Mgmt., Inc., 842 So.2d 773, 775 (Fla.2003). The stated intent of chapter 727 "is to provide a uniform procedure for the administration of insolvent estates, and to ensure full reporting to creditors and equal distribution of assets according to priorities as established under this chapter." § 727.101; see also Champaign Nat'l Bank v. SOS Indus., Inc., 815 So.2d 725, 728 (Fla. 5th DCA 2002). An assignment for the benefit of creditors is an alternative to bankruptcy and allows a debtor to voluntarily assign its assets to a third party in order to liquidate the assets to fully or partially satisfy creditors' claims against the debtor. Moecker v. Antoine, 845 So.2d 904, 910 (Fla. 1st DCA 2003).
Section 727.104 describes the required contents of an assignment for the benefit of creditors, including a description of the efforts to be undertaken by the assignee to administer the insolvent estate. The assignment by A & E to Lanier is consistent with the statutory requirements. The assignment is irrevocable and grants Lanier power of attorney to take possession of and administer the estate. She is required to liquidate the estate's assets, collect claims, and pay expenses. To the extent that funds are available in the estate after payment of administrative expenses, costs, and disbursements, Lanier is required to pay and discharge the debts and liabilities due from A & E. If all of A & E's debts and liabilities are paid in full, Lanier must return to A & E any remaining estate funds. § 727.104(1)(b).
Once an assignment is made under section 727.104, all creditors except for lien holders are required to file proofs of claim pursuant to section 727.112. Claims, whether contingent, liquidated, unliquidated, or disputed, must be filed within 120 days from the date that the chapter 727 petition is filed or the claim will be barred "unless for cause shown." § 727.112(1), (2). Section 727.114 establishes the priority for payment of claims. Creditors with perfected liens on assets of the estate have the highest priority; unsecured claims have the lowest priority; and if all of the described claims are paid in full, "any residue shall be paid to the assignor." § 727.114. Section 727.108 also requires an assignee to abandon assets to duly perfected secured or lien creditors after the assignee determines the estate has no equity in such assets or that the assets are burdensome or of inconsequential value and benefit to the estate.

THE MOTION FOR DISBURSEMENT AND THE TRIAL COURT'S RULING
In seeking disbursement from Lanier following entry of the restitution judgment, the County contended the judgment created a judicial lien against A & E's assets that were being held by Lanier. The County argued that because the judgment *144 created a lien, it was not required to file a proof of claim under section 727.112 and its interest took priority over the interests of A & E's remaining creditors. At a non-evidentiary hearing on the County's motion, the County's attorney stated that he understood all previous liens that had been asserted against A & E's assets had been paid in full and that the County was entitled to any remaining assets that would satisfy the restitution lien.
Lanier argued that the County was not entitled to a claim against the assets because the restitution judgment was entered long after the chapter 727 petition had been filed and the filing period for claims had expired. She contended that because the assets had been properly assigned to her and A & E no longer had title to the assets, the restitution judgment against A & E was not a lien against the estate's assets. She also argued that the County could have filed a timely proof of claim asserting a contingent claim under section 727.112, but it did not do so. Two creditors who were present at the hearing also objected to the County's motion for disbursement.
The trial court denied the County's motion, finding that "the clear statutory scheme of Chapter 727, Florida Statutes, dictates that once an assignment for the benefit of creditors under Chapter 727 is instituted, the debtor no longer has any legal or equitable rights in the assets assigned." The trial court concluded that it was unable to compel distribution of funds to the County because the restitution order did not relate back to A & E's assignment to Lanier and did not create a valid lien against the previously assigned assets.

ARGUMENTS ON APPEAL
The County makes several arguments in support of its contention that the trial court erred by not ordering disbursement of estate funds to the County. The central theme of the County's arguments is that even though the restitution judgment was entered after A & E instituted the chapter 727 proceeding, it is a lien that attaches to estate funds. The County also argues that a restitution obligation is not subject to discharge by any statutory or common-law proceeding for relief against creditors, citing section 775.089(10)(b), Florida Statutes (2000); that the restitution lien act supercedes all contrary law and is controlling over any conflicting law; and that public policy dictates that criminals should not be able to avoid paying restitution by instituting proceedings for relief against creditors.
Lanier responds that section 727.112 addresses claims "which arose prior to the filing date" of the chapter 727 proceeding. She contends that because the County obtained its restitution judgment one and a half years after the commencement of the chapter 727 proceeding, it did not attach to the estate's assets and is unenforceable against those assets. Lanier also argues that the restitution judgment is against A & E and is not against her as the assignee for the benefit of creditors; that the judgment does not place a lien against the assets held by her as assignee; that pursuant to section 960.294, Florida Statutes (2000), the judgment attaches to the property owned by A & E at the time of its conviction and the property that it acquires subsequent to the conviction; and that once the chapter 727 assignment was made, A & E no longer had any interest in the property that it had assigned to Lanier for the benefit of creditors.

ANALYSIS
There is little case law addressing chapter 727, and none addresses the issues presented here. However, based on the statutory language, we conclude that the *145 trial court did not err in denying the County's motion for disbursement.
By its assignment pursuant to chapter 727, A & E irrevocably conveyed to Lanier all of A & E's legal and equitable interests in its nonexempt assets, which constituted the estate. Lanier's duties included taking possession of and administering the estate, and liquidating the assets and converting the estate into money. Consistent with section 727.104(1)(b), the assignment provided that to the extent funds are available after payment of administrative expenses, costs, and appropriate disbursements, Lanier was required to pay and discharge "all of the debts and liabilities now due from the assignor." The "now due" language, in context, refers to the debts and liabilities due at the time of the assignment.
A & E executed the assignment and commenced the chapter 727 proceeding well before the County obtained a criminal conviction and restitution lien against A & E. The County did not file a timely proof of claim asserting a possible restitution claim, and it did not demonstrate cause that would support a late filing. See § 727.112(2). Instead, the County waited approximately one year after obtaining its judgment to file its motion for disbursement, and it asserted that it was not required to file a proof of claim because it had a lien on A & E's assets. Lanier correctly argues that the County did not establish that the restitution lien for fees and costs incurred to prosecute the criminal case related back to its claim for overpayments made to A & E.
Similarly, there is no basis to conclude that the restitution judgment became a lien that attached prior to the time of the conviction. See § 960.294(1) (providing that a civil restitution lien is a lien on the property of the convicted offender and that if it is not satisfied from the property owned at the time of conviction, it is also a lien on property that the offender comes to possess subsequent to conviction). Again, Lanier correctly argues that the County did not establish the precedence of its restitution lien over preexisting liens. See § 960.298 ("Any liens already in existence at the time the restitution lien is placed shall take precedence over the restitution lien.").
Although A & E could potentially receive funds from Lanier if there is any residue in the estate after all claims and expenses are paid, the record does not reflect that this has occurred or will occur. Pursuant to section 960.294(1), if A & E acquires funds from Lanier or acquires other real or personal property, the County's restitution lien would attach to A & E's property. Contrary to the County's argument, nothing in chapter 727 suggests that the County's restitution judgment is deemed discharged or satisfied as a result of the chapter 727 proceeding.
For the foregoing reasons, we affirm the trial court's denial of relief to the County.
Affirmed.
NORTHCUTT and VILLANTI, JJ., Concur.
NOTES
[1] Because the trial court denied the County's claim for the immediate possession of funds, we have jurisdiction. See Fla. R. App. P. 9.130(a)(3)(C)(ii); see also State v. Ruth, 595 So.2d 1073, 1074 (Fla. 2d DCA 1992); Urich & Shenkman, P.A. v. Horizon Ins. Co., 491 So.2d 1195, 1195 (Fla. 1st DCA 1986).
[2] The term "estate" is defined in section 727.103(7) as "all of the assets of the assignor."
[3] Although the trial court accepted the County's original proof of claim in the amount of $112,515.18, the County concedes that $109,496.25 is the actual amount it claims it overpaid to A & E.