PER CURIAM.
 

 Appellant, Associated Receivables Funding of Florida, Inc., appeals an order denying its motion for relief from judgment. We reverse.
 

 In 2003, Appellant obtained a $395,000 consent judgment against Commerce Thru Digital Technology (“Commerce”) and one of its officers, Michael A. Rivers (“Rivers”), in Rivers’ individual capacity. In 2004, Commerce became unable to pay its debts and executed an assignment for benefit of creditors
 
 [1]
 
 to Michael Moecker (“Moecker”). The assignment required Moecker to liquidate Commerce’s assets, collect all claims and demands, and pay and discharge in full the debts and liabilities owed by Commerce. Moecker filed a petition for assignment for benefit of creditors, and notified Commerce’s creditors of the proceedings. Notably, the petition did not name Rivers as a party. Appellant received notice of the proceedings and filed a proof of claim based on the 2003 judgment it had obtained.
 

 Moecker and Rivers reached a compromise wherein Rivers agreed to purchase all of Commerce’s assets. Moecker sought
 
 *616
 
 court approval of the compromise, indicating that his investigation did not reveal any assets that could be liquidated to the net benefit of creditors. He further stated that approval would preclude any of Commerce’s creditors from pursuing claims against Commerce’s successor-in-interest, IBSG, based on any claim the creditor had against Commerce. The motion defined IBSG, however, to include Rivers in his individual capacity. Thus, approval of the compromise between Moecker and Rivers sought not only to preclude claims against Commerce, but also claims against Rivers individually. Appellant was served with the motion, but did not file an objection.
 

 The court approved the compromise and sale of assets in 2006. The order approving the compromise included the following:
 

 3. As a result of the foregoing, all creditors and interested parties ... are hereby barred from pursuing any and all alleged claims of any nature whatsoever against any persons and/or entities included in the definition of “IBSG” as set forth in the Motion, to the extent said claims are based on, relate to, or in any manner derive from any claim regarding [Commerce].
 

 (Emphasis supplied). The court discharged Moecker and closed the case.
 

 Almost two years later, Appellant filed a motion for relief from judgment under Florida Rule of Civil Procedure 1.540(b)(4). It claimed that the order was void because the trial court lacked jurisdiction over Appellant’s claim against Rivers individually. It argued that although it was a “party of interest to said action by way of a claim it filed against Commerce, ... [Appellant] did not submit the debt against Rivers to the jurisdiction of the court....” We agree.
 

 A court cannot determine matters not the subject of appropriate pleadings.
 
 See Connell v. Capital City Partners, LLC,
 
 932 So.2d 442, 443 (Fla. 3d DCA 2006) (at hearing on motion to dismiss, court went beyond determination of motion and thus violated due process). The jurisdictional pleadings in this case were insufficient to put Appellant on notice that the court might enjoin Appellant from collecting its judgment against Rivers, a non-party to the assignment.
 
 See N.C. v. Anderson,
 
 882 So.2d 990, 993 (Fla.2004) (due process requires fair notice and real opportunity to be heard). Here, simply because Appellant was on notice of the motion to approve the compromise and sale of Commerce’s assets, it was not on notice that these proceedings extended beyond claims against Commerce. By purporting to extinguish Appellant’s claims against a non-party, the court denied Appellant’s due process rights. Appellant is entitled to relief from the judgment pursuant to rule 1.540.
 

 REVERSED AND REMANDED.
 

 PALMER, TORPY and EVANDER, JJ., concur.
 

 [1]
 

 . An assignment for the benefit of creditors is an alternative to bankruptcy that allows a debtor to voluntarily assign its assets to a third party who then liquidates the assets to satisfy creditors' claims.
 
 Hillsborough County v. Lanier,
 
 898 So.2d 141, 143 (Fla. 2d DCA 2005).