GROSS, J.
The primary question presented in this case is as follows: After a judgment debt- or files a Chapter 727 assignment for the benefit of creditors, may a judgment creditor separately pursue a Chapter 726 claim that the judgment debtor fraudulently transferred assets to a third party before making the Chapter 727 assignment? In *1050 these circumstances, we hold that if a Chapter 727 assignee has abandoned or sold and assigned a judgment creditor’s fraudulent transfer claim, the judgment creditor may pursue the Chapter 726 claim. The assignee’s abandonment or sale and assignment of a claim is a condition precedent to a judgment creditor’s ability to bring suit outside of a Chapter 727 assignment. Because the impleader complaint here at issue pleaded compliance with all conditions precedent to suit, we reverse the final judgment dismissing the judgment creditor’s impleader complaint.
Allerd Smith filed an action against Effective Teleservices and its chairman Dilip Barot. Smith recovered judgments against Effective for $1.3 million and Barot for $8.7 million. Later, the circuit court entered a separate final judgment in favor of Smith, and against Effective and Barot, for $1.5 million in attorney’s fees and $451,176.69 in costs.
Next, Smith filed an impleader complaint against appellees Etech Texas, LLC and Matthew Rocco, alleging that they participated in a scheme to defraud Smith out of the ability to collect on his two judgments. The operative complaint alleged that Effective’s assets were transferred to Etech Texas, a company created by Barot, and that Etech Texas continued to run Effective’s operations at the same location, with the same employees, using the same website, and with the same customers. Rocco worked as the chief executive officer of Effective and continued in the same capacity at Etech Texas. Alleging legal theories turning on the claim of a fraudulent transfer of assets under sections 726.105(l)(a), 726.105(l)(b)2, and 726.106(1), Florida Statutes (2010), the im-pleader complaint sought various remedies including the voiding of the transfer of assets to Etech Texas or the sale of Etech Texas’s assets.
According to the complaint, after the transfer of assets to Etech Texas, Effective executed a Chapter 727 assignment for the benefit of creditors, assigning Effective’s remaining assets to an assignee. Relying upon the assignment for the benefit of creditors, Etech Texas and Rocco filed motions to dismiss the impleader complaint, claiming that Smith lacked standing to pursue the causes of action; they relied on Moffatt & Nichol, Inc. v. B.E.A. International Corp., 48 So.3d 896, 899 (Fla. 3d DCA 2010), to argue that “only an assignee has standing to pursue fraudulent transfers, preferential transfers or other derivative claims.” The circuit court granted the motions and dismissed the impleader complaint with prejudice.
Resolution of this case requires examination of two chapters of the Florida Statutes — Chapter 727, involving assignments for the benefit of creditors, and Chapter 726, the Uniform Fraudulent Transfer Act.
“An assignment for the benefit of creditors is an alternative to bankruptcy and allows a debtor to voluntarily assign its assets to a third party [assignee] in order to liquidate the assets to fully or partially satisfy creditors’ claims against the debtor.” Hillsborough Cnty. v. Lanier, 898 So.2d 141, 143 (Fla. 2d DCA 2005); see also § 727.104(l)(b), Fla. Stat. (2010). The stated intent of Chapter 727 “is to provide a uniform procedure for the administration of insolvent estates, and to ensure full reporting to creditors and equal distribution of assets according to priorities as established under this chapter.” § 727.101, Fla. Stat. (2010).
The mechanics of Chapter 727 are that the assignor assigns to the assignee “all of its assets, except such assets as are exempt by law from levy and sale under an execution”; the assets so assigned become the “estate” of the assignor. § 727.104(b), *1051 Fla. Stat. (2010); § 727.108(9), Fla. Stat. (2010) (defining an “estate” as including “all of the assets of the assignor”). A mandatory duty of the assignor is to “deliver to the assignee all of the assets of the estate in the assignor’s possession, custody, or control.” § 727.107(2), Fla. Stat. (2010). Among the duties of the assignee are to “[c]ollect and reduce to money the assets of the estate.” § 727.108(1), Fla. Stat. (2010). The assignee is authorized to prosecute the “estate’s claims and causes of action,” including actions to “recover money or other assets of the estate” and to “avoid any conveyance or transfer void or voidable by law under s.727.109(8)(c).” §§ 727.108(l)(a), 727.110(l)(a), (c), Fla. Stat. (2010).
Significant to this appeal is Chapter 727’s definition of “asset”:
“Asset” means a legal or equitable interest of the assignor in property, which includes anything that may be the subject of ownership, whether real or personal, tangible or intangible, including claims and causes of action, whether arising by contract or in tort, wherever located, and by whomever held at the date of the assignment, except property exempt by law from forced sale.
§ 727.103(1), Fla. Stat. (2010) (emphasis added).
The central question here is whether the property Effective transferred to Etech Texas prior to the assignment fits within the above definition of an estate’s “asset.” To the extent that these transfers are voidable under Chapter 726, the Uniform Fraudulent Transfer Act, we hold that the assignor’s equitable interest in the property so transferred is an asset of the estate under section 727.103(1).
The concern of both Chapter 726 and Chapter 727 is to protect the rights of creditors. Fraudulent transfer laws such as Chapter 726 “generally attemptf] to protect creditors from transactions which are designed to, or have the effect of, unfairly draining the pool of assets available to satisfy creditor claims or which dilute legitimate creditor claims at the expense of false or lesser claims.” 37 Am. Jur.2d Fraudulent Conveyances and Transfers § 1 (updated Nov. 2013). Chapter 726 “prevents debtors from placing property beyond reach of their creditors when those assets should legitimately be made available to satisfy creditor demands.” Id.
A fraudulent transfer of property is voidable at the instance of a creditor. See § 726.109(1), Fla. Stat. (2010) (using the word “voidable” to describe the application of § 726.105(l)(a)). Where the fraudulent transfer act applies, a “transferor retains equitable ownership of assets that are fraudulently transferred to a third party, and those assets remain subject to attachment by the transferor’s creditors.” 37 Am.Jur.2d Fraudulent Conveyances and Transfers § 77 (updated Nov. 2013). Such an “equitable ownership” is contemplated within the section 727.103(1) definition of “asset”; it is an “equitable interest of the assignor in property ... wherever located, and by whomever held at the date of the assignment.” Because the impleader complaint alleged a fraudulent transfer of assets, Effective retained equitable ownership of the property transferred to Etech Texas, so that the equitable interest was an asset of the estate under sections 727.104(l)(b), 727.103(9), and 727.103(1).
Chapter 726 thus works hand in hand with Chapter 727, which authorizes an as-signee to bring an action to “avoid any conveyance or transfer void or voidable by law.” §§ 727.110(l)(c), 727.109(8)(c), Fla. Stat. (2010). The assignee is authorized to bring a Chapter 726 action because the assignee is a Chapter 726 “creditor.”
*1052 Sections 726.105 and 726.106, Florida Statutes (2010), define the circumstances where a transfer by a debtor is fraudulent as to a creditor.[1] Under Chapter 726, it is the “creditor” who may “obtain” the remedies provided by the statute against a transferee. § 726.108(1), Fla. Stat. (2010). Chapter 726 broadly defines a “creditor” as “a person who has a claim.” § 726.102(4), Fla. Stat. (2010). Authorized by section 727.110(l)(c) to avoid a voidable transfer, the assignee is a “creditor” who may bring a Chapter 726 claim.
A separate section of Chapter 727 operates to bar Smith’s fraudulent transfer claim outside of the Chapter 727 proceeding. Section 727.105 provides, in pertinent part,
Except in the case of a consensual lien-holder enforcing its rights in personal property or real property collateral, there shall be no levy, execution, attachment, or the like in respect of any judgment against assets of the estate in the possession, custody, or control of the assignee.
Assuming the occurrence of a fraudulent transfer, Smith’s Chapter 726 proceedings against the property in the possession of Etech Texas would amount to an impairment of the equitable interest in that property “in the possession, custody, or control of the assignee.”
In sum, in the context of a Chapter 727 assignment for the benefit of creditors, only the assignee may bring a Chapter 726 fraudulent transfer claim. This conclusion is consistent with the underlying rationale of both statutes, which seek to protect the rights of creditors. To allow creditors to bring their own fraudulent transfer claims, without the consent of the assignee, would undermine Chapter 727 by depleting assets of the estate and disregarding the priorities established under that statute.
This is not to say that a judgment creditor may never bring its own fraudulent transfer claim after the filing of a Chapter 727 assignment. The duties of an assignee include the decision whether to pursue or abandon a fraudulent transfer claim or “sell and assign, in whole or in part, such claims or causes of action to another person or entity on the terms that the assign-ee determines are in the best interest of the estate.” § 727.108(l)(a), Fla. Stat. (2010). If the assignee has determined that it is in the best interest of the estate to abandon or to sell and assign a fraudulent transfer claim, a judgment creditor may then prosecute the claim outside of the Chapter 727 assignment. An assign-ee’s decision to abandon or to sell and assign a claim is a condition precedent to a judgment creditor’s ability to bring a separate lawsuit.
*1053 In this case, Smith’s impleader complaint generally pleaded compliance with all conditions precedent. See Fla. R. Civ. P. 1.120(c). Thus, the pleading suggests the assignee’s acquiescence in Smith’s impleader lawsuit. If this is not the case, then that factual issue can be reached on a motion for summary judgment. At the motion to dismiss stage of the proceedings, Smith adequately pleaded the ability to pursue his fraudulent transfer claim outside of the Chapter 727 proceeding and the circuit court erred in granting the motion to dismiss.
Smith argues that his Chapter 726 fraudulent transfer claims were never an asset of Effective or Etech Texas so they were not an asset of the estate in the control of the assignee. This argument misses the point. The object of Smith’s claims is the property transferred. For the purpose of Chapter 727, the equitable interest Effective retained in the property fraudulently transferred was an asset of the assignor that became part of the estate that the assignee was obligated to marshal on behalf of the creditors. To set aside the fraudulent transfer, the assignee would not pursue Smith’s Chapter 726 claims. Rather, section 727.110(l)(c) separately authorizes the assignee to bring a section 726 action to avoid any conveyance or transfer.
We disagree with the third district in Moffatt to the extent that Moffatt appears to hold that a judgment creditor’s Chapter 726 fraudulent transfer claim is an “interest of the assignor in property” under section 727.103(1). The cause of action is the judgment creditor’s, not the assignor’s. For the reasons stated above, we agree with Moffatt’s conclusion that “[ujnder the statutory scheme as it now exists, only an assignee has standing to pursue fraudulent transfers, preferential transfers or other derivative claims,” Moffatt, 48 So.3d at 899, with the proviso that an assignee may abandon or sell and assign the claims so that they may be pursued outside of a Chapter 727 proceeding.
Finally, we reject Smith’s argument that Seminole Boatyard, Inc. v. Christoph, 715 So.2d 987 (Fla. 4th DCA 1998), is controlling. That case involves a bankruptcy trustee’s ability to pursue an alter ego claim in the attempt to recover money owed by a bankrupt corporation from the corporation’s president. The case does not involve the interplay between Chapters 726 and 727.

Reversed and remanded for further proceedings consistent with this opinion.

WARNER and KLINGENSMITH, JJ„ concur.

. Section 726.105 provides, in pertinent part:
(1) A transfer made or obligation incurred by a debtor is fraudulent as to a creditor, whether the creditor’s claim arose before or after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation:
(a) With actual intent to hinder, delay, or defraud any creditor of the debtor; or
(b) Without receiving a reasonably equivalent value in exchange for the transfer or obligation, and the debtor:
[[Image here]]
2. Intended to incur, or believed or reasonably should have believed that he or she would incur, debts beyond his or her ability to pay as they became due.
Section 726.106 states:
(1) A transfer made or obligation incurred by a debtor is fraudulent as to a creditor whose claim arose before the transfer was made or the obligation was incurred if the debtor made the transfer or incurred the obligation without receiving a reasonably equivalent value in exchange for the transfer or obligation and the debtor was insolvent at that time or the debtor became insolvent as a result of the transfer or obligation.