**PRO FINISH, INC., Appellant,**

v.

**ESTATE OF ALL AMERICAN TRAIL-ER MANUFACTURERS, INC., and John Alan Moffa, as Assignee of the Estate of All American Trailer Manufacturers, Inc., Appellee.**

**No. 4D15–2966.**

District Court of Appeal of Florida, Fourth District.

Aug. 3, 2016.

Justin C. Carlin of Golden Carlin, Fort Lauderdale, for appellant.

Stephen C. Breuer of Moffa, Bonacquisti & Breuer, PLLC, Plantation, for appellee.

MAY, J.

Failure to strictly adhere to chapter 727's requirements mandates a reversal in this case. A creditor appeals a trial court order approving the assignee's final report, and a second order denying reinstatement of the creditor's lien. We find merit in the creditor's argument that the debtor's assignee failed to comply with chapter 727, Florida Statutes (2013), and reverse.

Pro Finish, Inc. ("creditor") obtained a final judgment against All American Trailer Manufacturers, Inc. ("debtor") for breach of contract and fraud. The creditor filed a motion alleging that, in June 2012, it served a writ of garnishment on a bank holding an account titled in the debtor's name. On June 15, 2012, the debtor petitioned for Chapter 11 bankruptcy. The bankruptcy court ultimately dismissed the case on June 11, 2013.

On May 2, 2013, the creditor filed a judgment lien certificate with the Florida Secretary of State, Division of Corporations ("May 2, 2013 Lien"), on the debtor's assets. At 10:51 a.m. on November 26, 2013, the creditor filed a judgment lien certificate with the Florida Secretary of State, Division of Corporations ("November 26, 2013 Lien"), on the debtor's assets.

At 5:36 p.m. on November 26, 2013, the debtor's assignee petitioned the trial court for assignment for the benefit of creditors under section 727.104, Florida Statutes ("ABC Proceeding"). He alleged that he became the debtor's assignee, pursuant to a June 11, 2013, assignment ("June 11, 2013 Assignment"). The June 11, 2013 Assignment was not executed until July 15, 2013, but had a stated effective date of

June 11, 2013.[1]

On March 6, 2014, the assignee moved to approve sale of assets free and clear of liens, encumbrances, and interests to Bad 2D Bone Trailers, Inc. ("Bad 2D Bone"). The assignee argued that the November 26, 2013 Lien was not secured by the debtor's assets because the creditor filed it months after the June 11, 2013 Assignment. On March 27, 2014, the creditor objected to the assignee's motion and moved to set aside the June 11, 2013 Assignment on the ground that it was invalid, fraudulent, and in contravention of chapter 727, Florida Statutes. It also moved to dismiss the ABC Proceeding.

On September 22, 2014, the trial court heard the assignee's motion to approve sale and the creditor's objections and motion to set aside or dismiss the ABC Proceeding. The creditor's counsel argued the June 11, 2013 Assignment was fraudulent because the assets had been transferred a month before the assignment, the assignee failed to properly record the June 11, 2013 Assignment, and the assignee failed to properly petition for the ABC Proceeding within the statutorily required time.

The assignee responded that the debtor properly assigned the assets to him on May 8, 2014, but the trial court dismissed the original assignment for the benefit of creditor's case due to the pending bankruptcy. The assignee then obtained another assignment on June 11, 2013. Bad 2D Bone was operating with the assets under an "Interim Operating Agreement," until the assignee could sell them. He admitted that a relative of the debtor's principal ran Bad 2D Bone.

The trial court orally overruled the creditor's objections to the sale, approved the proposed sale at the highest appraised price, and denied the creditor's motion to set aside and dismiss the ABC Proceeding. On September 29, 2014, the trial court entered a written order reflecting its oral ruling. The assignee then petitioned for approval of his final report and discharge as assignee. The creditor moved for reinstatement of its May 2, 2013 Lien and objected to the assignee's petition for approval of final report and discharge of assignee.

On June 29, 2015, the trial court entered the Approval Order, which included distributions to the assignee's counsel, the assignee, and the assignee's accountants. The trial court also entered the Order Denying Lien Reinstatement. From these orders, the creditor now appeals.

The creditor argues the trial court erred in entering the Approval Order and in failing to dismiss the ABC Proceeding as invalid and void. It emphasizes that chapter 727 procedures for a debtor's assignment of assets are strictly construed and the debtor's assignee failed to strictly follow the procedures, rendering the June 11, 2013 Assignment invalid. The assignee was required to record the assignment, and file a petition and bond with the trial court within ten days after delivery of the assignment, which it failed to do.

We have de novo review of the trial court's application and interpretation of Chapter 727, Florida Statutes. *Hillsborough Cty. v. Lanier*, 898 So.2d 141, 143 (Fla. 2d DCA 2005).

Chapter 727 "provide[s] a uniform procedure for the administration of insolvent estates, and ... ensure[s] full reporting to creditors and equal distribution of assets according to priorities as established under [chapter 727]." § 727.101, Fla. Stat. (2013). Section 727.104(1), Florida Statutes, pro-

---

1. The creditor also alleged the June 11, 2013 Assignment was not recorded until February 13, 2014, but the record provided fails to establish this fact.

vides the form of the assignment and requires compliance with it. § 727.104(1), Fla. Stat. (2013); *see Smith v. Effective Teleservices, Inc.*, 133 So.3d 1048, 1050–51 (Fla. 4th DCA 2014). The June 11, 2013 Assignment did substantially follow the required form.

"Section 727.104 ... [also] requires the assignee to record the assignment in the public records as well as to file a petition and bond in the circuit court." *Moecker v. Antoine*, 845 So.2d 904, 910–11 (Fla. 1st DCA 2003). Subsection (2) requires that this be done within ten days after delivery of the assignment to the assignee. § 727.104(2), Fla. Stat.

Here, the record lacks evidence as to when the June 11, 2013 Assignment was recorded. The only record evidence of the June 11, 2013 Assignment is a copy attached to the ABC Proceeding petition. It does not indicate whether or when it was recorded. But, the creditor also argues the assignee failed to file the ABC Proceeding petition within the section 727.104(2) time limits. The creditor suggests the failure to timely petition the trial court for the ABC Proceeding "is in direct contravention of Chapter 727 and violates public policy, which favors the expedient payment of just debts to creditors and prompt notice to creditors of an assignment of the debtor's assets." We agree and reverse.

"There is little case law addressing chapter 727, and none addresses the issues presented here." *Lanier*, 898 So.2d at 144. However, "the provisions of an assignment which are inconsistent with the applicable statute are void, and the assignment as a whole is void where it fails to comply with such a statute, or is against public policy." 21 C.J.S. Creditor and Debtor § 9 (footnotes omitted).

Here, the assignee failed to file the petition in the circuit court within ten days of delivery of the assignment. The assignee petitioned for the ABC Proceeding on November 26, 2013, and signed the acceptance of the June 11, 2013 Assignment on July 15, 2013. Although the June 11, 2013 Assignment met the section 727.104(1) form requirements, the untimely filing invalidated the ABC Proceeding under section 727.104(2).

Section 727.111, Florida Statutes (2013), required the assignee to also publish notice of the June 11, 2013 Assignment in the newspapers for four consecutive weeks, within ten days of filing the petition, and provide "notice to all known creditors within 20 days after filing the petition." § 727.111(1), Fla. Stat. While the creditor does not argue that the assignee failed to provide notice of the ABC Proceeding, we note that the record shows the publication took place on January 23, 2014, which also violated section 727.111's time limit.

The intent of chapter 727 is to provide a uniform procedure, ensure full reporting to creditors, and ensure equal distribution per priority. § 727.101, Fla. Stat. The assignee untimely petitioned for the ABC Proceeding, and failed to publish notice as required by section 727.111. The assignee's failure to strictly comply with the statutory requirements rendered the assignment invalid and void. The trial court erred in overruling the creditor's objections, approving the sale, and in its final order approving the distribution of assets.

We reverse based upon the debtor's failure to comply with sections 727.104 and 727.111, Florida Statutes. We do not reach the creditor's two remaining arguments.

*Reversed and remanded.*

GROSS and KLINGENSMITH, JJ., concur.