# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D17-2871

_____

RICHARD KERRY ADKISON and
KERRY ADKISON, P. A.,

     Appellants,

     v.

MARGARET MOREY, as personal
representative of the estate of
Charlotte Laughlin,

     Appellee.

_____

On appeal from the Circuit Court for Washington County.
James B. Fensom, Judge.

March 8, 2018

ROWE, J.

Richard Kerry Adkison and Kerry Adkison, P.A. appeal a partial final order dismissing their third-party complaint against Regions Bank. Because they not only failed to preserve their arguments for appeal but also invited the trial court to rule as it did, we affirm.

I.

After Charlotte Laughlin died in 2006, Margaret Morey, the personal representative of Laughlin's estate, retained the services

of Adkison and his firm to represent Morey in the probate of the estate. Five years after retaining their services, Morey discovered that over $219,000 from the estate's trust account had been misappropriated and used to pay bills and operational expenses of the firm. Morey sued Adkison and the firm for civil theft, conversion, legal malpractice, and breach of fiduciary duty. Adkison and the firm denied the allegations raised in Morey's suit, and in their amended answer to the complaint, included what was styled as a "cross-claim" against Regions Bank. They alleged that the bank, which serviced both the trust account and the firm's operating account, breached its fiduciary duty to the firm and was negligent when it allowed one of the firm's employees and the employee's former spouse to withdraw money from the estate's trust account, as well as the firm's operating account.

Four years later, Adkison and the firm moved to amend their "cross-claim" against the bank. Regions sought dismissal of the "cross-claim," which it contended was properly styled as a third-party complaint. Regions asserted it was not a proper third-party defendant to the action because the bank's presence was not necessary for the resolution of Morey's claims against Adkison and his firm. The trial court denied the bank's motion to dismiss, but granted the motion to amend, determining that the "cross-claim" should proceed as a third-party action against Regions.

Adkison and the firm then moved to amend the third-party complaint for a second time to include a number of new claims against the bank. The trial court allowed the amendment, and Regions again moved for dismissal. Regions argued that Adkison and the firm could not state a claim for contribution, and without any valid claim for indemnification, contribution, or subrogation, the third-party complaint should be dismissed with prejudice. After a hearing, the trial court dismissed the second amended third-party complaint without prejudice for Adkison and the firm to raise their claims in a separate action. This timely appeal follows.

II.

Adkison and his firm appeal the trial court's order, arguing that the court erred in dismissing their claims, rather than

2

severing the claims. They assert that the statute of limitations on their claims against Regions ran in 2015, and unless the statute of limitations were tolled on a legal or equitable basis, a subsequent action against Regions may be subject to dismissal on statute of limitations grounds. But Adkison and the firm did not make this argument in the trial court. *See Anheuser-Busch Cos., Inc. v. Staples*, 125 So. 3d 309, 312 (Fla. 1st DCA 2013) (noting that an appellate court is "not at liberty to address issues that were not raised by the parties"). Nor did they argue that the third-party claims should be severed, rather than dismissed. Nor did they file a motion for rehearing to present this issue to the trial court before raising it on direct appeal. *See Pensacola Beach Pier, Inc. v. King*, 66 So. 3d 321, 324 (Fla. 1st DCA 2011) (holding that an appellant failed to preserve an issue for review when the trial court's error appeared for the first time on the face of the order on appeal and appellants choose not to file a motion for rehearing).

It is not our function "to entertain for the first time on appeal, issues which the complaining party could have, and should have, but did not, present to the trial court." *Florida Emergency Physicians-Kang and Assocs., M.D., P.A., v. Parker*, 800 So. 2d 631, 636 (Fla. 5th DCA 2001) (citing *Abrams v. Paul*, 453 So. 2d 826, 827 (Fla. 1st DCA 1983)). Because the argument made on appeal was never presented to the trial court, it is waived. *See Sunset Harbour Condo. Ass'n v. Robbins*, 914 So. 2d 925, 928 (Fla. 2005) ("As a general rule, it is not appropriate for a party to raise an issue for the first time on appeal.").

## III.

Further, in addition to failing to preserve the argument that their claims against Regions should have been severed rather than dismissed with prejudice, Adkison and the firm invited the error of which they now complain. During the hearing on Region's motion to dismiss, they suggested to the trial court that their claims against Regions could proceed in a separate action if the dismissal was without prejudice, affirmatively stating that "a dismissal with prejudice . . . would bar this separate action." And they suggested to the court that if the action proceeded without Regions as a party, Adkison and the firm could "still seek contribution from Regions by filing a separate action." Thus,

3

Adkison and the firm invited the trial court to rule as it did. *Muina v. Canning*, 717 So. 2d 550,553–54 (Fla. 1st DCA 1998) ("Under the invited error rule, a party cannot successfully complain about an error for which he or she is responsible or of rulings that he or she invited the court to make.").

Accordingly, the trial court's order dismissing the third-party complaint against Regions is AFFIRMED.

WETHERELL and JAY, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

Kerry Adkison, Chipley, for Appellants.

Candy L. Messersmith of Rumberger Kirk & Caldwell, Orlando; and Nicole Smith of Rumberger, Kirk & Caldwell, P.A., Tallahassee, for Appellee.