DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT
_____

EVANSTON INSURANCE COMPANY,

Appellant,

v.

EVEREST DENALI INSURANCE COMPANY; CONE &
GRAHAM, INC.; LARRY S. HYMAN, as assignee for Sonny
Glasbrenner, Inc.; and SONNY GLASBRENNER, INC.,

Appellees.

No. 2D2023-0205
_____

December 4, 2024

Appeal from the Circuit Court for Pinellas County; Amy M. Williams,
Judge.

Kristen D. Perkins, Jordan H. Lewis, and Nicole Castano of Kennedys
CMK LLP, Miami (withdrew after briefing); Maureen G. Pearcy of Paul R.
Pearcy, P.A., Miami, for Appellant.

Nancy G. Cook of Weinberg Wheeler Hudgins Gunn & Dial LLC, Orlando,
and Gary J. Toman of Weinberg Wheeler Hudgins Gunn & Dial LLC,
Atlanta, Georgia, for Appellee Everest Denali Insurance Company.

Michael R. Carey of Carey, O'Malley, Whitaker, Mueller, Roberts & Smith,
P.A., Tampa, and W. Gray Dunlap, Jr., of W. Gray Dunlap, Jr., P.A., St.
Petersburg, for Appellee Cone & Graham, Inc.

No appearance for remaining Appellees.

LABRIT, Judge.

Evanston Insurance Company seeks review of an order approving a settlement to which it was not a party. Because Evanston's arguments would require us to decide a critical issue that the trial court did not, we affirm.

Evanston issued a commercial excess liability policy to a subcontractor that worked on a bridge construction project in 2018. The subcontractor later became insolvent and in July 2021, it commenced a proceeding in circuit court under chapter 727, Florida Statutes (2021). Such proceedings are an alternative to bankruptcy, and they allow a debtor to assign its assets to a third-party assignee, who then liquidates the debtor's assets to satisfy claims of its creditors. *See Hillsborough County v. Lanier*, 898 So. 2d 141, 143 (Fla. 2d DCA 2005).

In September 2021, the general contractor for the bridge construction project, Cone & Graham, Inc. (C&G), filed a proof of claim in the chapter 727 proceeding. C&G amended its proof of claim the following month, and its amended proof of claim alleged that the subcontractor's negligent work caused more than $2.8 million in property damage. No objections to C&G's initial or amended proof of claim were filed within the time provided by section 727.113(1). In November 2021, the assignee filed his final report attesting that he had administered the subcontractor's assets, which totaled $8,642.26. Then, on December 17, 2021, the trial court entered an order approving the assignee's final report, discharging the assignee, and directing the clerk to close the case.

A few days later, however, the assignee and C&G filed a joint stipulation with the trial court. They stipulated to allowing C&G's claim in full because there were no objections to it, and they agreed that C&G

could pursue its claim to the extent of any insurance proceeds that might be available. The trial court approved the joint stipulation by order entered December 28, 2021. The order allowed C&G's amended proof of claim in full and authorized C&G to pursue coverage for its claim from the subcontractor's primary and excess insurers.

In the meantime, the assignee, C&G, and the subcontractor's primary liability insurer Everest Denali Insurance Company (EDIC) agreed to a partial resolution of C&G's claim. They executed a settlement agreement under which EDIC agreed to pay C&G its $1 million per occurrence limit in exchange for a release and other terms. The settling parties then filed a joint motion with the trial court asking it to approve the settlement under section 727.109(7).[1] But Evanston, as the excess insurer above EDIC, objected to the settlement and the settling parties' request for court approval. The settling parties later amended the settlement agreement and their motion, and Evanston again objected. The trial court then held a hearing that the settling parties and Evanston all attended. After the hearing, the trial court entered an order overruling Evanston's objection and approving the settlement among the assignee, C&G, and EDIC.

Evanston appeals the trial court's order[2] and takes issue with multiple findings in it. In particular, the order finds that the property damage C&G alleged in its amended proof of claim was caused by one

---

[1] The settling parties also filed a motion seeking confirmation that the assignee had continuing authority to agree to the settlement, which the trial court confirmed by order dated January 3, 2022.

[2] Because the order followed the final order in the case and it disposed of the issues before the trial court, we treat it as a final order reviewable under Florida Rule of Appellate Procedure 9.030(b)(1)(A). *See Caufield v. Cantele*, 837 So. 2d 371, 375 (Fla. 2002).

3

occurrence; that EDIC's payment of its $1 million per occurrence limit was not a voluntary payment; that this payment would fully exhaust EDIC's primary liability policy; that EDIC settled with C&G in good faith; and that "no [c]reditor, interested party or others . . . shall have the right to pursue a claim against [EDIC] in connection with the [settlement]." The settling parties required these findings as part of the settlement. Evanston argues, however, that these findings violate its due process rights, that the trial court made them without any evidentiary basis, and that they approve of what Evanston believes was improper conduct on EDIC's part in partially settling C&G's claim.

While we share Evanston's concern with certain language in the order, the fundamental issue underlying Evanston's arguments—and the fundamental question Evanston asks us to decide—is whether the trial court's findings have any binding effect on Evanston and any excess coverage it might owe to satisfy the remainder of C&G's claim. If these findings have no binding effect and do not in any way trigger coverage under Evanston's policy, Evanston's due process and other arguments fall flat. But if, for example, Evanston is bound and precluded from showing in other proceedings that EDIC's underlying coverage was not fully or properly exhausted, and if Evanston cannot take coverage positions adverse to the trial court's findings, it would be appropriate for us to reach the merits of Evanston's arguments. Critically, however, the trial court didn't decide the fundamental issue concerning the effect of its order.[3] So we can't either. *See Francel v. Douma*, 122 So. 3d 969, 969

---

[3] The trial court found only "that the Amended Settlement Agreement does not prejudice Evanston," which is consistent with the principle Evanston cites in its brief that a nonparty to a settlement agreement is ordinarily not bound by its terms. *See Maxwell v. Edwards*,

(Fla. 2d DCA 2013) (quoting *Miller v. Miller*, 709 So. 2d 644, 645 (Fla. 2d DCA 1998)); *Maynard v. Fla. Bd. of Educ.*, 998 So. 2d 1201, 1207 (Fla. 2d DCA 2009).

Further, to the extent that Evanston challenges the trial court's authority to make findings without considering evidence or holding an evidentiary hearing, we note that Evanston did not present any evidence below or request an evidentiary hearing. *See Adkison v. Morey*, 239 So. 3d 205, 207 (Fla. 1st DCA 2018) ("It is not our function 'to entertain for the first time on appeal, issues which the complaining party could have, . . . but did not, present to the trial court.' " (quoting *Fla. Emergency Physicians–Kang & Assocs., M.D., P.A. v. Parker*, 800 So. 2d 631, 636 (Fla. 5th DCA 2001))). All parties relied solely on argument, and it was within the trial court's authority to "hear and determine a motion brought by the assignee for approval of . . . the compromise or settlement of a controversy," and to "enter an order granting such motion." *See* § 727.109(7). Nothing in chapter 727 required the trial court to hold an evidentiary hearing before exercising its authority to approve a settlement.

Affirmed.

CASANUEVA, J., Concurs.
SILBERMAN, J., Concurs specially with opinion.


SILBERMAN, Judge, Specially concurring.

Although I have some reservations regarding possible alternative interpretations of the trial court's order and its potential impact, I concur in the decision to affirm. The trial court's order specifies that Evanston

---

345 So. 3d 323, 325 (Fla. 4th DCA 2022); *Video Super Stores of Am., Inc. v. Mastriana*, 575 So. 2d 326, 326 (Fla. 4th DCA 1991).

is not prejudiced by the settlement agreement to which Evanston was not a party, though the order also addresses factual matters to which the settling parties agreed. Evanston objected to the motion to approve settlement, asserting that factual issues remained to be resolved. But at the hearing on the motion, Evanston did not offer any evidence or suggest that such evidence existed which would establish that the stipulated facts were incorrect.

Further, Evanston did not establish that the trial court lacked the legal authority to approve the stipulated settlement among the parties to the stipulation. Instead, Evanston argued that the court's approval of the stipulation could impact Evanston's coverage defenses and its liability should any claims be made against it. Evanston also suggested that it may have claims against others, including Everest, should Evanston be liable for excess damages under its policy. Yet Evanston also acknowledged that it "is uncertain at this time whether it possesses any claims against Everest." In summary, based on the record and arguments before us, I agree that Evanston has not established a basis for reversal.

Finally, in affirming the trial court's decision, the majority states that "Evanston's arguments would require us to decide a critical issue that the trial court did not." I do not share that concern. The critical issue here is whether the trial court erred in approving the settlement over Evanston's objections. It did not.

For these reasons, I concur.

_____

Opinion subject to revision prior to official publication.

6