# Third District Court of Appeal

## State of Florida

Opinion filed April 16, 2025.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-0368
Lower Tribunal No. 19-28852-CA-01
_____

**George Escalona,**
Appellant,

vs.

**People's Trust Insurance Company,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Mavel Ruiz, Judge.

Law Offices of Marcote & Marcote De Moya, PLLC and Brandy Alvarez, for appellant.

Cole, Scott & Kissane, PA and Mark D. Tinker and Brandon J. Tyler, (Tampa), for appellee.

Before GORDO, BOKOR and GOODEN, JJ.

GORDO, J.

George Escalona, Proserv Restoration LLC and National Environmental Services LLC ("Appellants") appeal a final order dismissing Escalona with prejudice from the underlying action and an order denying their motion for leave to file a second amended complaint adding Escalona's wife as a party in the case. We have jurisdiction. Fla. R. App. P. 9.030(b)(1)(A). We affirm.

On appeal, Appellants argue the trial court erred in dismissing Escalona with prejudice.[1] The record before us shows that at the hearing on the motion to dismiss, Escalona's counsel stipulated to his dismissal with prejudice as a party. Because Escalona's dismissal with prejudice was not contested and in fact conceded in the proceedings below, he is now precluded from raising this argument on appeal. See Vorbeck v. Betancourt, 107 So. 3d 1142, 1147-48 (Fla. 3d DCA 2012) ("The rule of preservation, which is a keystone in our appellate process, dictates that in the absence of fundamental error, an appellate court will not consider an issue that has been raised for the first time on appeal. It is now well settled that the rule of preservation applies to the . . . dismissal of a complaint with prejudice . . . In this case, the [Appellants] failed to raise any issue at the trial level with

---

[1] "A trial court's ruling on a motion to dismiss is subject to *de novo* review." Skupin v. Hemisphere Media Grp., Inc., 314 So. 3d 353, 355 (Fla. 3d DCA 2020) (quoting Kopel v. Kopel, 229 So. 3d 812, 815 (Fla. 2017)).

respect to the improper dismissal with prejudice, despite having had various opportunities to do so . . . the [Appellants] failed to contemporaneously object when the trial court orally pronounced that it was going to grant the motion to dismiss with prejudice, and did not file a motion for rehearing to amend after the order of dismissal was entered. Thus, the [Appellants] failed to preserve this issue for appellate review, and thereby waived their right to challenge the improper dismissal with prejudice. Because we may not consider this issue for the first time on appeal, we affirm the trial court's dismissal with prejudice.") (internal quotation marks and citation omitted).

Appellants further argue the trial court abused its discretion in denying their motion for leave to file a second amended complaint to add Escalona's wife as a party in the underlying action.[2] The proposed amended complaint alleged that the loss occurred "[o]n or about September 10, 2017." The motion for leave to amend, however, was filed on February 5, 2024. Because Escalona's wife failed to bring her breach of contract action within the required five-year period, we find no abuse of discretion in the trial court's denial of the motion for leave to file the second amended complaint as untimely. See § 95.11(2)(e), Fla. Stat. ("Actions other than for recovery of

---

[2] "We review an order denying a motion for leave to amend for an abuse of discretion." Geico Gen. Ins. Co. v. A & C Med. Ctr., 357 So. 3d 233, 234 (Fla. 3d DCA 2023).

3

real property shall be commenced as follows . . . Within five years . . . an action for breach of a property insurance contract, with the period running from the date of loss.").[3]

Affirmed.

---

[3] Appellants implore us, for the first time in their reply brief, to consider the relation-back doctrine. Because this argument was not raised in either the proceedings below or the initial brief, it is therefore waived. See Adkinson v. Morey, 239 So. 3d 205, 207 (Fla. 1st DCA 2018) ("It is not our function 'to entertain for the first time on appeal, issues which the complaining party could have, and should have, but did not, present to the trial court.' Because the argument made on appeal was never presented to the trial court, it is waived." (quoting Fla. Emergency Physicians–Kang and Assocs., M.D., P.A. v. Parker, 800 So. 2d 631, 636 (Fla. 5th DCA 2001))); Parker-Cyrus v. Justice Admin. Comm'n, 160 So. 3d 926, 928 (Fla. 1st DCA 2015) ("An argument may not be raised for the first time in a reply. 'Without strict adherence to this rule, the appellees are left unable to respond in writing to new issues presented by the appellants, and the filing deadline imposed on the appellants for their initial brief is rendered meaningless.'" (quoting Snyder v. Volkswagen of Am., Inc., 574 So. 2d 1161, 1161-62 (Fla. 4th DCA 1991))).