MATHEWS, Justice.
This is a petition for certiorari to review an order dismissing the bill of complaint with leave'to amend and denying an application for dissolution of a temporary injunction which had been granted and issued, based upon the allegations of the bill of complaint.
The respondent filed a bill for a declaratory decree and for injunction on the 23rd day of February, 1953. Temporary injunction was granted and issued without notice. On the 25th day of February, 1953, the petitioner filed two separate motions: 1. to dismiss the bill of complaint; and 2. to dissolve the temporary injunction.
On the 3rd day of March, 1953, after due notice and hearing, the Chancellor made an order in which he: first, granted the motion to dismiss the bill of complaint with leave to amend within three days thereafter; and second, denied the application for dissolution of the temporary injunction.
On the 5th day of March, 1953, the petition for certiorari was filed in this Court together with a transcript of the record, certified to by the Clerk of the Circuit Court for Dade County, on the 4th day of March, 1953. At the time the petition for certiorari was filed and at the time the transcript of the record was certified to, the record shows that the bill of complaint had been dismissed, but did not show that an amended bill of complaint had been filed.
The order denying the application for dissolution of the temporary injunction further provided “the injunction to remain in full force and effect.”
. The important question in this case is whether or not it was proper to deny the application to dissolve a temporary injunction and to provide that the same should remain in full force and effect and in the same breath dismiss ,the bill of complaint which was the basis for the issuance of the temporary injunction.
*304 No injunction can issue without a bill of complaint. The Court must ex-aininé a bill of complaint on its merits before issuing an injunction, because the bill of complaint and the allegations contained therein constitute the only means available to the Court to determine whether or not a ground for injunction is properly stated. McMullen v. County of Pinellas, 90 Fla. 398, 106 So. 73.
Although the granting or dissolution of a temporary injunction rests in the sound discretion of the Chancellor, there must be something upon which that discretion can be based.
In this case, in passing upon the motion to dismiss the bill of complaint, the Chancellor did not strike a part of the bill of complaint, but he granted the motion “to dismiss the bill of complaint.” When this was done there was absolutely nothing before 'the court upon which a temporary injunction could have been issued, and therefore, nothing upon which a temporary injunction could be “continued in full force and effect.” It is true that in granting the motion to dismiss the bill of complaint the Chancellor gave leave “to amend within three days.” At the time the transcript of the record was certified and the petition for writ of certiorari was filed in this Court, no amendment or amended bill of complaint had been filed. It is true that when the respondent filed its brief herein on March 16th, .1953, there was attached thereto what purports to be “an amended bill of complaint” which was allegedly filed in the Circuit Court of Dade County on March 6, 1953. The supposed amended bill of complaint is no part of the record in this proceeding on petition for certiorari, and is not considered.
After having, dismissed, in its entirety the bill of complaint, it was error to continue in full force and effect a temporary injunction which had been issued based solely upon the allegations of the bill of complaint which no longer existed.
Because of the conclusion we have reached, we do not pass upon the sufficiency of the bill of complaint.
The order denying application for dissolution of a temporary injunction be «.nd the same is hereby quashed, without prejudice to the right of the respondent to make application for the issuance of a temporary injunction based upon any amended bill of complaint which he may file and pursuant to the la'w and rules governing the issuance of temporary injunctions.
TERRELL, THOMAS and SEBRING, JJ., concur.
ROBERTS, C. J., and DREW, J., dissent.
HOBSON, J., not participating.