SEBRING, Justice.
John P. Morgan instituted a suit in the Circuit Court of Dade County to enjoin the City of Miami Beach from collecting license taxes under an ordinance enacted by the City. Based on the allegations of the bill the. court issued a restraining order temporarily enjoining the City as prayed. Subsequently the court granted a motion to dismiss the complaint on the ground that the complaint failed to state, a claim upon which relief could be granted. This, order, which was entered on February 11, 1953, contained the following adjudications:
“(1) That the plaintiff’s 'Complaint for Declaratory Decree be, and the same is hereby, dismissed;
“(2) That Ordinance 17.16(117) of ‘The Code of the City of Miami Beach, Florida, 1950’ is not unconstitutional, unreasonable, arbitrary or discriminatory ;
“(3) That the bond which was heretofore posted by the plaintiff, for the use and benefit of the defendant, The City of Miami Beach,' shall remain in full force and effect and stay all proceedings until a final determination of the above styled cause.”
On March ,19, 1953, the defendant in the court below filed a petition for interlocutory certiorari in this Court to review the order that was entered. The matter is now before us for adjudication.
■ After the entry of this order’ the City of Miami Beach instituted this certiorari proceeding to review the order'which, in legal effect, adjudicated finally the subject matter of the bill of complaint against the contentions of the plaintiff and , dismissed the bill without express leave to file an amended pleading; and yet retained the temporary injunction in full force and effect by reason of the adjudication “That the bond which was heretofore posted by the plaintiff for the rise and benefit of the defendant, The City of Miami Beach, shall remain in full force and effect and stay alt proceedings until a final determination of the above styled cause.” (Emphasis supplied.)
*561 In Hall v. Hanford, Fla., 64 So.2d 303, it was held that it is error to continue in full force and effect a temporary injunction that had-been issued based solely upon the allegations of á bill of complaint which was no longer in existence by reason of the fact that a motion' to dismiss the bill had been granted. • ’ •
The order under attack falls squarely under the principle stated in the cited- case, and hence t(ie petition for certiorari must be granted.,
Accordingly, it is ordered that the challenged decree be quashed with directions that a decree be entered in conformance with this opinion arid judgment.
ROBERTS, C. J., and TERRELL and MATHEWS* JJ.; concur.