406 So.2d 511 (1981)
The WORLD SECURITY FUND, a Panamanian Corporation, R.L. Randolph and J.D. Suarez, Appellants,
v.
Carlos Guillermo SCHMIDT, Roberto Alfredo Schmidt, Carlos Frederico Schmidt, H.M. De Schmidt E. Hijos & Cia, Carlos, Schmidt & Cia, Appellees.
No. 81-805.
District Court of Appeal of Florida, Third District.
November 3, 1981.
Rehearing Denied December 16, 1981.
*512 Fowler, White, Burnett, Hurley, Banick & Strickroot and Ronald P. Weil, William Y. Sayad, Jr., Miami, for appellants.
Fieldstone, Oliver, Kluger, Sumberg & Mondre and Alan J. Kluger, Miami, for appellees.
Before DANIEL S. PEARSON, FERGUSON and JORGENSON, JJ.
PER CURIAM.
We affirm the order of the trial court refusing to dissolve a temporary injunction entered in favor of the appellees upon a holding that (1) the appellants have not met their burden to make it appear that the injunction entered is without basis in the pleadings and evidence or is illegal in its nature, see Sharp v. Bussey, 129 Fla. 775, 176 So. 763 (Fla. 1937); Northwestern National Insurance Co. v. Greenspun, 330 So.2d 561 (Fla. 3d DCA 1976); Cunningham v. Dozer, 159 So.2d 105 (Fla. 3d DCA 1963); (2) while the trial court could not have legally kept the temporary injunction in effect after it dismissed the appellees' complaint with leave to amend in December 1980, City of Miami Beach v. Morgan, 64 So.2d 560 (Fla. 1953); Hall v. Hanford, 64 So.2d 303 (Fla. 1953), the appellants sought no review of that action, instead lodging their appeal from the trial court's refusal in March 1981 to dissolve the injunction after the appellees' amended complaint was before it[1]; and (3) since the temporary injunction *513 was entered before January 1, 1981, the effective date of Florida Rule of Civil Procedure 1.610(b)(2) and (d), which required written findings, and since the dismissal of the appellees' original complaint did not ipso facto operate to dissolve the injunction so as to make the appellants' motion to dissolve heard after January 1, 1981, in effect a new application by the appellees for a temporary injunction requiring compliance with the amended rules, the trial court's failure to enter written findings is not error. We also affirm the trial court's refusal to increase the amounts of deposit to be made by appellees into the registry of the court, without prejudice to further applications to the trial court by the appellants, upon appropriate pleadings and showing that the amounts of deposit are inadequate to compensate the appellants for damages resulting from the wrongful issuance of injunctive relief.
Affirmed.
NOTES
[1] The primary thrust of the complaint was the appellees' concern that the appellants would be unable to live up to their admitted obligation to pay sums admittedly due appellees beginning in 1982. As the trial court apparently recognized when it dismissed the complaint, an allegation of insolvency standing by itself will not support the issuance of a temporary injunction. Godwin v. Phifer, 51 Fla. 441, 41 So. 597 (Fla. 1906). The amended complaint clarified, and the court so found, that the appellants and appellees did not merely stand in a relation of debtors and creditors, but rather that the appellants occupied the position of fiduciaries in relation to the appellees.