PER CURIAM.
In this appeal from a non-final order appellant seeks to have this court vacate a temporary injunction. The issue is whether an injunction may be entered upon motion where no complaint or similar initial pleading has been filed. We respond in the negative and vacate the injunction.
Appellee, Chris Clark, entered into a contract with appellant, Plasticrafts, under which the latter was to fabricate skylights, curtain walls, and a vaulted walkway, and deliver them to Clark within a certain time frame. As security for payment for the work Clark purchased a letter of credit from appellee, Barnett Bank of South Florida, N.A.
Ultimately there was a dispute as to whether the goods as delivered satisfied the requirements of the contract, and Clark refused to make payment. Thereafter, on February 19, 1991, Plasticrafts presented the original letter of credit and requisite documentation to appellee bank and demanded payment. The bank advised Clark that the letter of credit would be honored on February 22, unless Clark obtained an injunction prohibiting payment.
Clark thereupon filed a verified motion for a temporary injunction which was granted without service of process on or notice to anyone. No complaint was filed either before or after this event.
It is fundamental that a party must first file a complaint or allege a cause of action in a pleading for a temporary injunction before injunctive relief can be granted. Waterman Broadcasting v. Saro, Inc., 555 So.2d 1273 (Fla. 2d DCA 1989). See Hall v. Hanford, 64 So.2d 303 (Fla.1953); Merrell v. Bonita Springs Golf Course, Ltd., 512 So.2d 974 (Fla. 2d DCA 1987). The verified motion is not a sufficient vehicle to fulfill this requirement.
Accordingly, we vacate the temporary injunction and remand for such further proceedings as may be appropriate.
DOWNEY, HERSEY and GARRETT, JJ., concur.