786 So.2d 656 (2001)
INTERNATIONAL VILLAGE ASSOCIATION, INC., Appellant,
v.
Stefan SCHAAFFEE and Mario Jones, Appellees.
No. 4D00-3852.
District Court of Appeal of Florida, Fourth District.
June 13, 2001.
*657 Kenneth E. Zeilberger of Law Offices of Kaye & Roger, P.A., Fort Lauderdale, for appellant.
Nancy Little Hoffmann of Nancy Little Hoffmann, P.A., Pompano Beach, and F. Blane Carneal of F. Blane Carneal, P.A., Fort Lauderdale, for appellees.
STEVENSON, J.
In this appeal, we reverse two non-final orders which we have for review: (1) a September 29, 2000 order granting a temporary injunction, and (2) an October 20, 2000 order denying appellant's motion to dissolve the injunction. Because appellees' complaint sought no relief beyond the temporary injunction, the petition was improper and cannot support the injunctive relief ordered.
Appellant, International Village Association, Inc., a condominium association, and unit owner Stefan Schaaffee became involved in a dispute over Mario Jones' permanent residence in Schaaffee's unit. The association de-activated Schaaffee's vehicle bar code, and Schaaffee was required to show identification each time he entered the condominium property. Jones was denied access to the unit unless she was accompanied by Schaaffee.
Anticipating that this matter would end up in litigation, Schaaffee and Jones filed a petition for a temporary injunction to enjoin the association's actions against them. The association filed a complaint for permanent injunction to remove Jones from the unit one day after the petition for temporary injunction was filed. The association's complaint was filed under a separate case number (L.T. Case No. 00-16131 02) and was assigned to a different judge. A short while later, a hearing was held on the petition for temporary injunction before the first judge (L.T. Case No. 00-16063 04). The association sought to dismiss the complaint on the ground that a request for temporary injunction may not stand alone as an independent lawsuit where no permanent relief is requested. The trial court denied the motion to dismiss, *658 granted temporary injunctive relief, and provided that the temporary injunction remain in force until the conclusion of the related case that had been initiated by the association and was pending before another judge.
We reverse the order granting temporary relief. This court has jurisdiction under Florida Rule of Appellate Procedure 9.130(a)(3)(B) to review both the order granting the temporary injunction and the order denying the motion to dissolve. There is little authority on the question of whether a plaintiff can seek a temporary injunction without asking for any other form of relief or any permanent resolution of the situation. This court has previously explained that the purpose of a temporary injunction is to preserve the status quo until full relief can be granted following a final hearing. See Tamiami Trail Tours, Inc. v. Greyhound Lines, Inc., 212 So.2d 365, 366 (Fla. 4th DCA 1968).
Temporary injunctions are addressed in Florida Rule of Civil Procedure 1.610. The committee notes to the 1980 amendment to the rule state in pertinent part:
This rule has been extensively amended so that it is similar to Federal Rule 65. The requirement that an injunction not be issued until a complaint was filed has been deleted as unnecessary. A pleading seeking an injunction or temporary restraining order must still be filed before either can be entered.
The committee notes were not adopted by the Florida Supreme Court. See The Florida Bar, 391 So.2d 165, 166 (Fla.1980). Unadopted committee notes are not binding, but may be persuasive provided that our supreme court has not expressly disavowed them. See State ex rel. Evans v. Chappel, 308 So.2d 1 (Fla.1975); State, Dep't of Health & Rehabilitative Servs. v. Bentley, 617 So.2d 368 (Fla. 2d DCA 1993); Duggar v. State, 446 So.2d 222 (Fla. 1st DCA 1984).
Here, we do not find the unadopted committee notes persuasive. The notes give no indication as to why the committee found "unnecessary" the requirement that an injunction not be issued until a complaint has been filed. Additionally, the notes do not compel the conclusion that the committee took the position that a temporary injunction is proper where no complaint for permanent relief is subsequently filed, or is anticipated to be filed, in the action; the notes merely point out that the injunction may precede the filing of a complaint. Allowing a preliminary injunction to issue in the absence of a pending request for ultimate relief would be contrary to the purpose behind temporary injunctions: maintaining the status quo until the merits of the dispute can be resolved at a final hearing. See Tamiami Trail Tours. Furthermore, in order to be entitled to the issuance of a temporary injunction, the moving party must show, among other things, a substantial likelihood of success on the merits in the action. See Playpen S., Inc. v. City of Oakland Park, 396 So.2d 830, 831 (Fla. 4th DCA 1981). This essential requirement would be rendered meaningless if, as here, the petition for temporary injunction was filed where there was no pending action.[1]
In the instance of protection from personal harm, such as a petition for protection against domestic violence, a request *659 for a temporary injunction in the absence of a request for permanent relief may well be appropriate. See § 741.30, Fla. Stat. (2000)(concerning petitions for the issuance of injunctions for protection against domestic violence, which may be temporary or permanent). This case, however, presents an ordinary civil dispute between the parties. Appellees' complaint acknowledged that declaratory relief after a final hearing would be necessary to resolve the dispute, but they never asked for declaratory relief or indicated that they planned to file an action forthwith. Instead, after the association filed its complaint, appellees filed a counterclaim in that action.
Accordingly, we reverse the order of temporary injunction without prejudice for appellees to move for injunctive relief as part of the case filed by the association, L.T. Case No. 00-16131 02.
REVERSED.
WARNER, C.J., and GROSS, J., concur.
NOTES
[1] Appellees' request for temporary relief cannot be viewed as ancillary to the complaint filed by the association because appellees' petition was filed first and the two cases, at least at the time of the issuance of the temporary injunction, were proceeding in different divisions.