PER CURIAM.
The City of Miami Beach appeals a non-final order of the circuit court temporarily enjoining the City from removing certain private obstructions that appellee land owners had installed on public property.
The land owners own beach front property in the City’s Altos Del Mar Historic District. Adjacent to their property is a city owned public right of way, providing access to the beach. Over the years, the land owners progressively encroached on the public right of way without obtaining any authority to do so, installing electrical lighting, irrigation, landscaping, an iron fence, and a sign which arguably created the impression that the right of way was a private drive. While proceeding with their efforts to have their “improvements” approved by the City, the land owners successfully obtained the order under review, temporarily enjoining the City from removing the obstructions.
It is fundamental that a party must first file a complaint or allege a cause of action in a pleading for a temporary injunction before injunctive relief can be granted. See Cadillac Plastic Group, Inc. v. Barnett Bank of Martin County, N. A., 590 So.2d 1068 (Fla. 4th DCA 1991); Waterman Broadcasting v. Saro, Inc., 555 So.2d 1273 (Fla. 2d DCA 1989); see also Hall v. Hanford, 64 So.2d 303 (Fla.1953). Most recently, the Fourth District has come to this same conclusion in International Village Association, Inc. v. Schaaffee, 786 So.2d 656 (Fla. 4th DCA 2001)(concluding that allowing a preliminary injunction to issue in the absence of a pending request for ultimate relief would be contrary to the purpose behind temporary injunctions: maintaining the status quo until the merits of the dispute can be resolved at a final hearing). No complaint or pleading for ultimate relief having been filed in the instant case, it is clear that the trial court did not have the authority to grant the temporary injunction at issue.
Accordingly, the order under review is reversed.