POLEN, J.
 

 Appellants, Jouvence Center for Advanced Health, LLC, Julia Haskins, and Justin Haskins, appeal the trial court’s order preliminarily enjoining them from continuing use of Appellee, Jouvence Rejuvenation Centers, LLC’s, patient files and proprietary information and establishing an injunction bond of $1000. This court has jurisdiction. Fla.R.App.P. 9.130(a)(3)(B). For the reasons stated below, we reverse and remand for further proceedings.
 

 Jouvence Rejuvenation Centers (JRC), brought an action against Jouvence Center for Advanced Health (JCAH), Julia Has-kins, and Justin Haskins, seeking injunc-tive relief and damages for Julia Haskins’ conversion of JRC’s “bank account, patient files, marketing material, software and computers” after she left JRC’s employ and formed JCAH.
 

 JRC’s complaint alleged that it hired Julia Haskins in September 2007. During her employment with JRC, Julia Haskins had access to patient files and information, marketing/research materials, outside vendors, and bank accounts which were confidential and not available to individuals other than those selected by the managing member of JRC. On August 2, 2008, Julia Haskins left the employ of JRC and formed JCAH with her husband, Justin Haskins. JRC alleged that Julia Haskins and Justin Haskins used its patient files and other proprietary information in JCAH, had refused to cease and desist their use of the files, and had also refused to return the files to JRC.
 

 JRC alleged that it would suffer direct and irreparable damage unless Julia Has-kins and Justin Haskins were enjoined from continuing their use of the patient files. JRC also alleged it had no speedy or adequate remedy at law because so long as Julia Haskins and Justin Haskins were permitted to continue use of the files, JRC would continue to sustain monetary loss and diversion of its business. Accordingly, JRC sought an injunction prohibiting the Haskins’ and JCAH’s continued use of the files and ordering the files returned to JRC.
 

 The trial court held a hearing on JRC’s motion for preliminary injunction on October 17, 2008. None of the named defendants appeared at the hearing. Counsel for JRC explained to the court that, to the best of her knowledge, the judge’s JA originally tried to set the hearing for October 10, 2008, but defendants were out of town on that date. Accordingly, the hearing was set for October 17, 2008. The trial court believed that defendants had received notice and proceeded with the hearing.
 

 JRC’s managing member testified and corroborated all of the allegations made in JRC’s complaint. The managing member also explained that JRC is a wellness clinic which offers its patients bio-identical hormone treatments, neutroceutical treatments, and diet and exercise plans to restore their youth. JRC paid a referral fee to the doctors and fitness centers who referred clients to its practice. Without the patient files, the managing member explained that JRC could not “move the business forward” because doctors would refuse to write prescriptions without reviewing the files. JRC offered evidence that defendants had sold products to JRC’s patients under their new business name since Julia Haskins’ departure from its employ. JRC also offered evidence that Julia Haskins took funds from its bank account and introduced a list of physical possessions which she had refused to return to JRC. Finally, on or about Sep
 
 *1099
 
 tember 19th, the managing member reported the property stolen to the Palm Beach Police Department.
 

 After hearing testimony and reviewing JRC’s evidence, the trial court entered an order enjoining the defendants from continuing their use of the patient files and other proprietary information, ordering the files returned to JRC, ordering the return of all personal property (including but not limited to a desktop computer, two laptop computers, computer server, desks, executive chairs, filing cabinet and laser printer), and conditioning the injunction on JRC’s payment of a $1000 bond.
 

 On October 23, 2008, defendants filed an answer and affirmative defenses to JRC’s complaint and a motion to dissolve the injunction. Defendants argued in their answer and motion to dissolve the injunction that JRC had failed to allege facts sufficient to satisfy the procedural and substantive requirements for injunctive relief. Defendants also stated that they had failed to appear at the October 17th hearing because they had not received the order scheduling the hearing until October 21, 2008.
 

 At the hearing on defendants’ motion to dissolve the injunction, counsel for defendants argued that both the request for injunctive relief and the court’s order were deficient as a matter of law because the motion failed to show likelihood of success on the merits and the order failed to make findings of fact as to each of the four elements required for an injunction to be entered. The trial court denied defendants’ motion. Defendants now timely appeal.
 

 “A trial court’s ruling on a temporary injunction comes to the appellate court with a presumption of correctness, reversible only upon a showing of a clear abuse of discretion.”
 
 First Miami Sec., Inc. v. Bell,
 
 758 So.2d 1229, 1230 (Fla. 4th DCA 2000). A party seeking a temporary injunction must prove: (1) that it will suffer irreparable harm unless the status quo is maintained; (2) that it has no adequate remedy at law; (3) that it has a substantial likelihood of success on the merits; (4) that a temporary injunction will serve the public interest.
 
 Net First Nat’l Bank v. First Telebanc Corp.,
 
 834 So.2d 944, 949 (Fla. 4th DCA 2003). The party must also establish that it has a clear legal right to the relief sought.
 
 Id.
 
 Finally, a trial court must make “clear, definite, and unequivocally sufficient factual findings” supporting each of the required elements before entering an injunction.
 
 Id.
 

 From the record before us, it is unclear whether the information possessed by JCAH is proprietary in nature, and thus, whether and on what grounds JRC has a clear legal right to a temporary injunction. In any case, the trial court neglected to make specific findings of fact regarding the four elements which must be shown before a preliminary injunction may be entered, and we reverse and remand for the trial court to make the required findings. Whether additional evidence is needed in order to make the necessary findings, we leave to the trial court’s determination.
 

 Reverse and remand for proceedings consistent with this opinion.
 

 GROSS, C.J., and WARNER, J„ concur.