HAZOURI, J.
Appellant, Rita McKeegan, appeals the trial court’s entry of an ex parte temporary injunction granted by the trial court. She argues that the temporary injunction is facially deficient because it fails to include sufficient factual findings to support each prong of the four-part injunction test. We agree.
“A party seeking a temporary injunction must prove: (1) that it will suffer irreparable harm unless the status quo is maintained; (2) that it has no adequate remedy at law; (3) that it has a substantial likelihood of success on the merits; (4) that a temporary injunction will serve the public interest.” Jouvence Ctr. for Advanced Health, LLC v. Jouvence Rejuvenation Ctrs., LLC, 14 So.3d 1097, 1099 (Fla. 4th DCA 2009) (citation omitted). “The party must also establish that it has a clear legal right to the relief sought. Finally, a trial court must make ‘clear, definite, and unequivocally sufficient factual findings’ supporting each of the required elements before entering an injunction.” Id. (citation omitted). “[A] trial court reversibly errs when an order fails to make specific findings for each of the elements.” Wade v. Brown, 928 So.2d 1260, 1262 (Fla. 4th DCA 2006) (citation omitted). Florida Rule of Civil Procedure 1.610(c) provides that “[e]very injunction shall specify the reasons for entry....” The order granting the temporary injunction herein does not make sufficient factual findings which support each of the elements. On remand, the trial court must make specific findings showing that appellees are entitled to relief.
Additionally, appellant argues and we agree that her due process right to notice and an opportunity to be heard were violated because appellees did not meet their heavy burden to establish that notice was not required.
The ex parte temporary injunction failed to meet the requirements of Florida Rule of Civil Procedure 1.610(a). Appellees’ attorney did not certify in writing any efforts made to give notice or any reasons why notice should not be required. Fla. R. Civ. P. 1.610(a)(1)(B). Fla. High Sch. Activities Ass’n., Inc. v. Benitez, 748 So.2d 358 (Fla. 5th DCA 1999) (attorney did not certify in writing any efforts made to give notice and notice by facsimile only one hour before injunction was granted was insufficient). Rule 1.610(a)(2) also requires the court to “give the reasons why the order was granted without notice if notice was not given,” which the trial court did not do. See Bookall v. Sunbelt Rentals, Inc., 995 So.2d 1116 (Fla. 4th DCA 2008) (order failing to explicitly state rea *1231 sons why the order was granted without notice requires reversal even though mov-ant met its burden of establishing the elements for entry of an injunction). For these additional reasons we reverse the order granting the ex parte temporary injunction.

Reversed and Remanded for further proceedings consistent with this opinion.

POLEN and TAYLOR, JJ., concur.