DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**SARA SHAKE,**
Appellant,

v.

**YES WE ARE MAD GROUP, INC.,** and **MARC APTAKIN,**
Appellees.

No. 4D20-2423

[April 21, 2021]

Appeal of nonfinal order from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Nicholas R. Lopane, Judge; L.T. Case No. CACE20-17665.

Jesmany Jomarron, William McCaughan, Jr., and Robin F. Hazel of Farrell Patel Jomarron & Lopez, PLLC, Miami, for appellant.

Kathleen McDonough and Christopher W. Lee of Wilson Elser Moskowitz Edelman & Dicker LLP, Miami, for appellees.

MAY, J.

The respondent to a motion for temporary injunction appeals the order granting the injunction. She argues the circuit court erred in entering the injunction because: (1) there was no pending complaint or cause of action filed before the motion for temporary injunction; and (2) the court failed to make specific factual findings to support the injunction as required by Florida Rule of Civil Procedure 1.610(c). We agree and reverse.

The movant[1] and respondent to the motion for temporary injunction are former business partners who co-owned a public relations company. The parties entered an agreement to wind up and dissolve the company. Section 2.1 of the agreement provided the respondent shall retain custody and control of all the company's clients, except an enumerated list of clients "who shall be in the sole custody and control of [the movant]."

---

[1] The movants are referred to collectively as the "movant."

The movant filed an "Ex Parte Emergency Motion for Temporary Injunction." The motion, which also refers to itself as an "application," alleges the respondent violated the parties' agreement by working with two clients who were to remain with the movant. The motion further alleged the respondent's actions resulted in the movant and company losing $24,000 per month and caused irreparable harm by damaging the movant's relationship with his clients.

The movant requested the respondent be: (1) restrained from further violating the agreement; (2) required to preserve evidence of the alleged breach; (3) prohibited from working with the clients; (4) required to pay $24,000 to the movant; and (5) required to pay the movant for one half of the company's value as of the date of the agreement.

At a hearing on the motion, the movant argued the respondent clearly violated the parties' agreement by openly working with two clients who were supposed to remain in his sole custody and control. The movant argued he lost $24,000 in business every month due to the violation and that the respondent had damaged his relationship with his clients.

The respondent argued that our precedent requires a party to first file a complaint for an alleged cause of action to seek a temporary restraining order and pointed out that the movant had not done so.

The court agreed with the movant, stating "[t]his is clearly a case where a temporary injunction should be entered. I feel there is [a] substantial likelihood that the plaintiff will suffer irreparable harm, and that is the remedy at law to address it, and that the injunction does not disturb the public interest."

The movant's attorney emailed a proposed order entering the temporary injunction to the respondent's attorney. The respondent's attorney replied: "While I disagree with the court's decision, the order reflects the court's ruling."

The court granted the movant's motion for temporary injunction against the respondent.

The movant subsequently filed a complaint alleging breach of contract against the respondent.

The respondent now appeals.

2

We review a trial court's factual findings for an abuse of discretion and its legal conclusions de novo. *Am. Learning Sys., Inc. v. Gomes*, 199 So. 3d 1076, 1081 (Fla. 4th DCA 2016).

The respondent argues the temporary injunction was improper where a complaint or underlying action had not been filed against her. We agree.

"It is fundamental that a party must first file a complaint or allege a cause of action in a pleading for a temporary injunction before injunctive relief can be granted." *Cadillac Plastic Grp., Inc. v. Barnett Bank of Martin Cnty., N.A.*, 590 So. 2d 1063, 1063 (Fla. 4th DCA 1991). "[T]he purpose of a temporary injunction is to preserve the status quo until full relief can be granted. . . ." *Int'l Vill. Ass'n v. Schaaffee*, 786 So. 2d 656, 658 (Fla. 4th DCA 2001). "Allowing a preliminary injunction to issue in the absence of a pending request for ultimate relief [is] contrary to the purpose behind temporary injunctions. . . ." *Id.*

Here, there was no underlying action pending when the court granted the temporary injunction. The movant did not file a complaint until three days after the hearing and one day after the court granted the temporary injunction. It was not possible for the movant to establish a likelihood of success on the merits either through the motion or at the hearing where there was no underlying action pending at the time.

But the movant suggests his motion for temporary injunction adequately pled breach of contract even though it was not technically filed as a complaint. He suggests his motion for temporary injunction met the pleading requirements of Florida Rule of Civil Procedure 1.110 because it contained a short and plain statement of the ultimate facts showing he is entitled to relief and a demand for judgment. The motion set forth the three elements required to plead a breach of contract action: (1) a valid contract; (2) a material breach; and (3) damages.

He further argues any technical deficiency was cured because the complaint relates back to the initial motion for temporary injunction, and the court already had jurisdiction pursuant to the parties' agreement, which provided for venue in Broward County.

His argument is without merit. The motion for temporary injunction is not a complaint. The motion was not served on the respondent as a complaint would be required to have been served. The motion is styled as an ex parte request for emergency relief.

There simply is no authority supporting the movant's argument that the subsequently filed complaint relates back to the date the motion was filed. Florida Rule of Civil Procedure 1.190(c) provides that an amendment to a claim or defense asserted in a pleading will relate back to the date of the original pleading. *Id.* The motion for temporary injunction was not a pleading, and the later filed complaint was not an amendment that would relate back to the original filing date.

In short, the court erred in granting the temporary injunction where there was no underlying cause of action. *See Int'l Vill. Ass'n,* 786 So. 2d at 658.

The respondent further argues the court was required to enter an order making specific findings as to each element required for a temporary injunction. She is correct.

A party seeking a temporary injunction must establish: (1) irreparable harm; (2) no adequate remedy at law; (3) a substantial likelihood of success on the merits; and (4) that a temporary injunction will serve the public interest. *Dubner v. Ferraro*, 242 So. 3d 444, 447 (Fla. 4th DCA 2018). "Every injunction shall specify the reasons for entry. . . ." Fla. R. Civ. P. 1.610(c). The "trial court must make 'clear, definite, and unequivocally sufficient factual findings'" supporting each required element for a temporary injunction before entering the injunction. *McKeegan v. Ernst*, 84 So. 3d 1229, 1230 (Fla. 4th DCA 2012) (quoting *Jouvence Ctr. for Advanced Health, LLC v. Jouvence Rejuvenation Ctrs., LLC*, 14 So. 3d 1097, 1099 (Fla. 4th DCA 2009)). Failure to do so constitutes reversible error. *See id.*

Here, the court did not include the necessary findings to support the injunction. The written order contains no factual or legal findings, and simply states that the injunction is granted. This is an additional ground for reversal.

We reverse. The temporary injunction was entered despite the absence of an underlying complaint and the court's order did not contain the requisite findings to support the injunction.

*Reversed and remanded.*

GROSS and ARTAU, JJ., concur.

\*       \*       \*

4

*Not final until disposition of timely filed motion for rehearing.*