# Third District Court of Appeal

## State of Florida

Opinion filed February 9, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-790
Lower Tribunal No. 12-3787
_____

**Brian Giller,**
Appellant,

vs.

**Jason Giller, et al.,**
Appellees.

An Appeal from a non-final order from the Circuit Court for Miami-Dade County, Rosa C. Figarola, Judge.

Law Offices of Andrew B. Peretz, P.A., and Andrew B. Peretz (Ft. Lauderdale), for appellant.

Jason B. Giller, P.A., Jason B. Giller and Hilary Schein, for appellees.

Before FERNANDEZ, C.J., and MILLER, and GORDO, JJ.

PER CURIAM.

Appellant, Brian Giller, appeals a portion of an omnibus order adjudicating several motions filed by his adult children, appellees, Jason and Jamie Giller, in this trust litigation. We dismiss the part of the appeal directed at rulings compelling the production of responsive documents, overruling objections to production requests, requiring appellant to show cause as to why he should not be held in contempt of court, compelling corrected accountings, and granting entitlement to attorneys' fees, as these rulings are nonfinal and nonappealable. See Fla. R. App. P. 9.130(a)(3); see also Fisher v. Int'l Longshoremen's Ass'n, 827 So. 2d 1096, 1097 (Fla. 1st DCA 2002) ("The Court's appellate jurisdiction to review nonfinal orders is limited to those categories of orders identified in Florida Rule of Appellate Procedure 9.130."); Ballard v. Bank of Am., N.A., 249 So. 3d 794, 794 (Fla. 2d DCA 2018) ("With respect to the circuit court's rulings on the contested discovery issues . . . these are nonappealable, nonfinal orders, and so we cannot exercise our appellate jurisdiction to consider them."); McIlveen v. McIlveen, 644 So. 2d 612, 612 (Fla. 2d DCA 1994) ("We align ourselves with the other district courts of appeal, which have held that an order which only determines the right to attorney's fees without setting the amount is a nonappealable, nonfinal order."). Further, we dismiss the part of the appeal as moot that addresses the rulings restraining appellant, solely in his capacity as trustee,

from dissipating trust assets, as he is no longer the trustee. See Godwin v. State, 593 So. 2d 211, 212 (Fla. 1992). We reverse, however, the portion of the order granting a prohibitive injunction against the trust itself, as it was not properly preceded by a motion for temporary injunction, and the trial court did not make the requisite findings supporting injunctive relief. See Cadillac Plastic Grp., Inc. v. Barnett Bank of Martin Cnty., N.A., 590 So. 2d 1063, 1063 (Fla. 4th DCA 1991) ("It is fundamental that a party must first file a complaint or allege a cause of action in a pleading for a temporary injunction before injunctive relief can be granted."); Int'l Vill. Ass'n, Inc. v. Schaaffee, 786 So. 2d 656, 658 (Fla. 4th DCA 2001) ("Allowing a preliminary injunction to issue in the absence of a pending request for ultimate relief would be contrary to the purpose behind temporary injunctions . . . ."); see also Fla. R. Civ. P. 1.610(c) ("Every injunction shall specify the reasons for entry . . . ."); McCue v. Heritage Farms Prop. Ass'n, Inc., 141 So. 3d 672, 673-74 (Fla. 2d DCA 2014) ("This court has long held that [rule 1.610(c)] requires the injunction to include specific findings regarding the likelihood of irreparable harm, unavailability of an adequate remedy at law, substantial likelihood of success on the merits, and considerations of public policy."); City of Jacksonville v. Naegele Outdoor Advert. Co., 634 So. 2d 750, 754 (Fla. 1st DCA 1994) ("Clear, definite, and unequivocally sufficient factual findings

3

must support each of the four conclusions necessary to justify entry of a preliminary injunction.").

Dismissed in part, reversed in part, and remanded.