DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**GERARD MCELROY,**
Appellant,

v.

**FLORIDA POWER & LIGHT COMPANY,**
Appellee.

No. 4D22-1344

[November 23, 2022]

Appeal of a nonfinal order from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Richard Oftedal, Judge; L.T. Case No. 50-2022-CA-003578-XXXX-MB.

Gerard McElroy, Royal Palm Beach, pro se.

Joseph Ianno, Jr. of the Florida Power & Light Company, Juno Beach, for appellee.

PER CURIAM.

Appellant, Gerard McElroy, appeals a nonfinal order granting the Florida Power & Light Company ("FPL") temporary injunctive relief to enforce its rights arising out of an easement on real property. We affirm and write only to address Appellant's argument that FPL's petition was improper because it sought no relief beyond the temporary injunction.

Appellant's property is encumbered by two utility easements which FPL owns. The easements grant FPL the right to construct, operate, and maintain its electric facilities and to "reconstruct, improve, add to change the size of or remove such facilities or any of them." After Appellant refused FPL access to the easements to perform work, FPL filed and served Appellant with a verified petition for an emergency injunction. Therein, FPL asserted the easements unquestionably granted it the right to access the property. Notably, in addition to seeking a temporary injunction, the petition also requested Appellant "be permanently enjoined from denying, interfering or otherwise prohibiting in any manner [FPL], including any of its agents, employees, and contractors access to the Easements."

Appellant moved to dismiss the petition, arguing, among other things, that the petition improperly sought a temporary injunction as a standalone cause of action. Appellant later argued to the trial court that FPL should have filed a declaratory judgment action. Following an evidentiary hearing, the trial court granted FPL's petition and entered an order temporarily enjoining Appellant from denying, interfering or otherwise prohibiting in any manner FPL's access to the easements "during the pendency of this action." The order set forth detailed findings to support each prong of the four-part temporary injunction test and required FPL to post a bond. This appeal follows.

Generally, "a party must first file a complaint or allege a cause of action in a pleading for a temporary injunction before injunctive relief can be granted." *Shake v. Yes We Are Mad Grp., Inc.*, 315 So. 3d 1223, 1226 (Fla. 4th DCA 2021) (quoting *Cadillac Plastic Grp., Inc. v. Barnett Bank of Martin Cnty., N.A.*, 590 So. 2d 1063, 1063 (Fla. 4th DCA 1991)). This is because "the purpose of a temporary injunction is to preserve the status quo until full relief can be granted," and "[a]llowing a preliminary injunction to issue in the absence of a pending request for ultimate relief would be contrary to the purpose behind temporary injunctions." *Int'l Vill. Ass'n v. Schaaffee*, 786 So. 2d 656, 658 (Fla. 4th DCA 2001).

Here, FPL's petition sought both temporary and permanent injunctive relief. The request for a permanent injunction satisfied the requirement of an underlying cause of action. *See id.* at 658–59 (reversing an order granting temporary relief because the petition did not request permanent relief, and noting "[t]here is little authority on the question of whether a plaintiff can seek a temporary injunction without asking for any other form of relief or any permanent resolution of the situation"); *Skyway Trap & Skeet Club, Inc. v. Sw. Fla. Water Mgmt. Dist.*, 854 So. 2d 676, 681 (Fla. 2d DCA 2003) (noting that a trial court lacks the "authority to issue a temporary injunction granting relief which is not predicated on a complaint seeking permanent relief"). Moreover, it would have been entirely unnecessary for FPL to file a declaratory judgment action as FPL was not in doubt of its rights under the easements. If anything, it was Appellant who was in doubt of his rights.

*Affirmed.*

GROSS, MAY and DAMOORGIAN, JJ., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**

2