# Third District Court of Appeal
## State of Florida

Opinion filed April 15, 2026.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D25-0762
Lower Tribunal No. 24-24248-CA-01
_____

**Owners of Trailers at Li'l Abner Trailer Park**,
Appellant,

vs.

**CREI Holdings, LLC, et al.,**
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, Jason Emilios Dimitris, Judge.

Wesoloski Carlson, P.A., and Erik D. Wesoloski; David J. Winker, P.A., and David J. Winker, for appellant.

Kozyak Tropin & Throckmorton LLP, and Jorge L. Piedra, Tal J. Lifshitz, Rasheed K. Nader, and Abe Andrew Bailey, for appellees.

Before LOGUE, LINDSEY and MILLER, JJ.

LOGUE, J.

The Appellants in this case are a group of mobile home owners that leased land at the Li'l Abner Trailer Park in Sweetwater, Florida, where their mobile homes were located (collectively, "Owners"). They filed suit against Appellees, who are the owners of the Li'l Abner Trailer Park (collectively, "CREI"), alleging violations of the Florida Mobile Home Act and seeking injunctive and declaratory relief. The trial court dismissed the Owners' action with prejudice based on lack of standing and failure to state a cause of action. This is their appeal.

## BACKGROUND

The Owners' complaint alleged that on November 12, 2024, CREI delivered to all the Li'l Abner residents an Eviction Notice based on a change of use pursuant to section 723.061, Florida Statutes. The Owners alleged, however, that CREI failed to give written notice to the homeowners' association, "namely Li'l Abner Mobile Park Homeowner's Association, Inc.," of its right under the statute to purchase the mobile home park. The Owners also alleged CREI violated section 723.061(1)(d)2.b. "by raising the lot rental amount within 90 days before giving notice of a change in use."

The Owners raised various claims against CREI in their complaint: Count I sought declaratory relief, namely a declaration that CREI's Eviction Notice violated section 723.061; Count III sought injunctive relief, namely an

2

injunction enjoining CREI from proceeding with the evictions because the Eviction Notice failed to comply with the requirements of section 723.061; Count V sought injunctive relief to enjoin the evictions based on the Owners' objections filed with the Florida Department of Business and Professional Regulation ("DBPR"); Count VI sought injunctive relief to enjoin CREI from demolishing trailers in Li'l Abner without a permit and without using proper asbestos remediation and dust control methods.[1]

CREI filed a motion to dismiss the complaint with prejudice. It argued dismissal was required because the Owners lacked standing to assert a claim that CREI failed to provide notice to the homeowners' association as required by section 723.061, as only the homeowners' association had standing to assert this claim. CREI further argued that its Eviction Notice fully complied with the requirements of section 723.061, including adhering to rent increase restrictions, and it attached a copy of the notice of raising rental amounts sent on March 6, 2024, which was over 90 days prior to the Eviction Notice. Finally, CREI argued the Owners' claims for injunctive relief also failed to state a claim because the Florida Mobile Home Act did not provide for injunctive relief based on the filing of an administrative claim with the

---

[1] The Owners also alleged a claim for violation of Florida's Deceptive and Unfair Trade Practices Act, but they do not challenge the trial court's dismissal of this claim on appeal.

3

DBPR, and the Owners failed to state any legal basis entitling them to injunctive relief to prevent the demolition of trailers at the park.

The Owners filed a response to the motion to dismiss. The Owners argued that section 723.061(2) provided them with standing to object to the change in use. They did not raise any additional arguments regarding their claim that CREI violated section 723.061 by raising the lot rental amounts within 90 days before the Eviction Notice.

The trial court held a hearing on CREI's motion to dismiss. At the conclusion of the hearing, the trial court orally announced it would be granting the motion to dismiss. In reaching this conclusion, the trial court specifically noted the homeowners' association was a necessary party for standing purposes. The Owners then requested leave to amend to add the homeowners' association, which the trial court granted.

The trial court thereafter entered a written order granting CREI's motion to dismiss. In addition to concluding that "only a homeowners' association formed and operating under sections 723.075-723.079—not individual mobile home owners—ha[d] standing to assert a claim for a violation of section 723.061(1)(d)(1)[,]" the trial court also concluded that the notice of rental amount increase was sent more than 90 days before the Eviction Notice and therefore did not violate section 723.061(1)(d)2.b. The

4

trial court further concluded the Owners' stand-alone claims for injunctive relief failed because there was "no provision of the Florida Mobile Home Act that authorize[d] injunctive relief merely on the basis of an individual having filed an administrative complaint with the DBPR" and the remaining injunctive relief claim to prevent the demolition of the trailers was "not tied to an underlying claim or statute that authorizes that relief[.]"

The Owners filed a motion for rehearing. The motion argued the trial court's conclusion regarding standing was erroneous because the statute gave mobile home owners standing to object to changes in use. The Owners also sought leave to amend their claims and argued they had not abused the privilege to amend. Regarding their claim concerning the rent increase notice, the Owners argued they were entitled to amend to allege with more particularity how CREI's rent increase notice violated section 723.061(1)(d)2.b., but they did not proffer any specific facts in this regard. Finally, the Owners argued a separate cause of action for injunctive relief existed and the trial court erred in dismissing their injunctive relief claims. The trial court denied the motion. This appeal followed.

## ANALYSIS

The Owners raise three claims of error on appeal. First, they contend the trial court erred in concluding they lacked standing. Second, the Owners

5

argue the trial court's dismissal with prejudice was improper because the right to amend had not been abused and amendment would not be futile. Third, they contend their claims for injunctive relief were properly pled and Florida law recognizes a claim for injunctive relief as a separate cause of action. Because we conclude that these claims are either without merit, not properly preserved, or waived, we affirm.

## I.      Standing

The Owners contend the trial court's determination that they lacked standing to object to CREI's failure to comply with section 723.061(1)(d)1. was error because section 723.061(2) provides them with the right to sue to object to the change in use. This argument, however, misconstrues the trial court's ruling. The trial court did not rule that the Owners "lacked standing to object to a [section] 723.061 change of use eviction notice[,]" as the Owners contend. Rather, the trial court ruled that the Owners lacked standing to object on one specific ground—namely, that found in section 723.061(1)(d)1.

Section 723.061(1)(d)1. provides:

> (1) A mobile home park owner may evict a mobile home owner, a mobile home tenant, a mobile home occupant, or a mobile home only on one or more of the following grounds:
>
> . . . .

(d) Change in use of the land comprising the mobile home park, or the portion thereof from which mobile homes are to be evicted, from mobile home lot rentals to some other use, if:

1. The park owner gives written notice <u>to the homeowners' association formed and operating under ss. 723.075-723.079 of its right to purchase the mobile home park</u>, if the land comprising the mobile home park is changing use from mobile home lot rentals to a different use, at the price and under the terms and conditions set forth in the written notice.

§ 723.061(1)(d)1., Fla. Stat. (emphasis added). As the plain language of the statute sets forth, the right to purchase the mobile home park, as well as the corresponding right to written notice thereof, belongs to the homeowners' association formed and operating under sections 723.075-723.079. As such, it is the homeowners' association that has standing to object to a change of use on the specific ground that it was deprived of the required notice and ability to exercise its statutory right, not individual mobile home owners like the Owners. <u>See, e.g.</u>, <u>Ell-Cap/Diversified 75 Naples Ests. v. Naples Ests. Homeowners Ass'n</u>, 975 So. 2d 577, 578-579 (Fla. 2d DCA 2008) (holding that statutory right of first refusal set forth in section 723.061(1)(d)1. is a statutory right of the association, which can only be exercised by the association; "the statute does not give individual mobile home owners a right of first refusal").

7

Accordingly, the trial court properly dismissed Counts I and III of the Owners' complaint with prejudice and allowed the Owners to amend the action to substitute the homeowners' association as plaintiff for the claim that CREI's Eviction Notice allegedly violated section 723.061(1)(d)1.

## II. Right to Amend

The Owners argue they raised an additional claim that CREI violated section 723.061(1)(d)2.b. by improperly noticing a rent increase within six months of the Eviction Notice. They contend the trial court erred in dismissing this claim with prejudice because the Owners were entitled to amend their complaint to allege with more particularity how CREI's rent increase notice violated section 723.061(1)(d)2.b. The problem with this argument, however, is that it was not raised by the Owners until their motion for rehearing below. Accordingly, it was not properly preserved. See Ray Med. Ctr., Inc. v. Fla. Ins. Guar. Ass'n, 406 So. 3d 1086, 1088 n.2 (Fla. 3d DCA 2025) ("[B]ecause these arguments were not raised below until Ray Medical Center's motion for rehearing, we find them to be unpreserved. See Trinchitella v. D.R.F., Inc., 584 So. 2d 35, 35 (Fla. 4th DCA 1991) ("We cannot consider the issues raised for the first time in a motion for rehearing in the trial court."); Bay Rag & Grading, Inc. v. C & H Clothing, Inc., 652 So. 2d 893 (Fla. 3d DCA 1995) (same).").

Furthermore, the Owners failed to proffer any facts in the trial court to establish that amendment would not be futile. Section 723.061(1)(d)2.b. provides that "[t]he park owner may not give a notice of increase in lot rental amount within 90 days before giving notice of a change in use." § 723.061(1)(d)2.b., Fla. Stat. As part of its motion to dismiss, CREI provided the trial court with a copy of the notice of increase in lot rental amount referenced in the Owners' complaint, which CREI argued was incorporated by reference and could be reviewed by the trial court pursuant to Orr v. AT&T Mobility, LLC, 401 So. 3d 397 (Fla. 3d DCA 2024). The notice of rent increase indicated it was mailed on March 6, 2024, which was more than 90 days before the Eviction Notice mailed November 12, 2024. As such, the trial court dismissed the Owners' claim for failing to establish a violation of section 723.061(1)(d)2.b. Based on this outcome, amendment would be futile.

Now, for the first time on appeal, the Owners allege that CREI "entered into many new leases in August 2024 at the original, pre-increase rate of $980/month less than 90 days before the November 12, 2024 eviction letter. The notice of the $200/month increase from $980 to $1,180 was provided for the first time to those Homeowners after the 90-day period expired in violation of [section] 723.061(1)(d)(2)(b)." These factual allegations, however, were not presented to the trial court in opposition to the motion to

9

dismiss or on rehearing from the order granting the motion to dismiss, therefore they have been waived. See Adkison v. Morey, 239 So. 3d 205, 207 (Fla. 1st DCA 2018) ("It is not our function to entertain for the first time on appeal, issues which the complaining party could have, and should have, but did not, present to the trial court. Because the argument made on appeal was never presented to the trial court, it is waived.") (internal quotation marks and citations omitted).

III.    Injunctive Relief Claims

The Owners contend the trial court erred in dismissing their three injunctive relief counts (Counts III, V, and VI) because Florida law recognizes a cause of action for injunctive relief provided it is ancillary and dependent upon another cause of action seeking relief. See, e.g., City of Miami Beach v. Swedroe, 788 So. 2d 404, 405 (Fla. 3d DCA 2001) ("It is fundamental that a party must first file a complaint or allege a cause of action in a pleading for a temporary injunction before injunctive relief can be granted."). The problem with this argument, however, is that the Owners' injunctive relief counts were not ancillary or dependent to any causes of action entitling them to relief.

Count III sought injunctive relief based on the allegations of Count I concerning CREI's alleged failure to comply with the requirements of section 723.061. As discussed above, the trial court properly dismissed Count I

10

because the Owners failed to demonstrate any violation of section 723.061 and otherwise lacked standing to bring the claim. Accordingly, because Count I failed, Count III failed.

The Owners contend that Count V was based on their petition to the DBPR seeking relief pursuant to section 723.061(2). As the trial court correctly concluded, however, there are no provisions in the Florida Mobile Home Act that authorize injunctive relief based on an individual having filed an administrative complaint to the DBPR. Furthermore, the Owners continue to misconstrue section 723.061(2), which simply provides that "[i]n the event of eviction for a change in use, homeowners must object to the change in use by petitioning for administrative or judicial remedies within 90 days after the date of the notice or they will be barred from taking any subsequent action to contest the change in use." § 723.061(2), Fla. Stat. While this provision recognizes the mobile home owners have a right to object to the change in use, what the Owners fail to understand is that they must still demonstrate a legal basis for their objections. They have failed to do so. Therefore, Count V was also properly dismissed.

Finally, Count VI sought injunctive relief based on CREI's demolition of certain trailers in Li'l Abner without a permit and without using proper asbestos remediation and dust control methods. The Owners concede on

appeal that this injunctive relief claim was "not based on another cause of action and therefore could be dismissed[.]" They argue instead that in their subsequent amended complaints (which were filed after this appeal was taken) they added a cause of action for breach of the covenant of quiet enjoyment. That claim, however, is not before us in this appeal. Therefore, it is for the trial court to decide whether the Owners are entitled to seek injunctive relief on that newly stated claim. As it stands, the Owners have conceded that as pled in the original complaint, the trial court properly dismissed this claim for injunctive relief.

## CONCLUSION

Based on the foregoing, we affirm the trial court's dismissal in all respects. The trial court properly concluded that the Owners lacked standing to bring their claim alleging CREI violated section 723.061(1)(d)1., and it allowed the Owners leave to amend to substitute the proper party—the homeowners' association. The Owners' remaining claims failed to state a cause of action and were properly dismissed. The trial court's dismissal with prejudice was also proper as the Owners failed to timely and properly request leave to amend and otherwise failed to provide any evidence demonstrating that amendment would not be futile.

12